[Civ. No. 17853. Second Dist., Div. One. Apr. 19, 1951.]

N. B. CHAPMAN, Appellant, v. A. L. GIPSON, Respondent.

Arthur A. Jones for Appellant.

Hector P. Baida and J. Leroy Irwin for Respondent.

DORAN, J.—The complaint herein was instituted by appellant Chapman for the purpose of dissolving a partnership existing between Chapman and respondent Gipson and to secure an accounting. Appellant alleges that respondent had "misapplied partnership receipts, profits and funds, secretly in bad faith, misappropriated co-partnership property funds wrongfully, and persisted in bringing some $4,000.00 worth of electric parts into the co-partnership place of business" alleged to have been stolen. Appellant's brief avers that on February 6, 1947, some four months after starting the business, "plaintiff and respondent ceased to do business as a co-partnership."

Respondent's answer alleges an oral agreement to pay appellant $1,295 for appellant's interest in the business, and willingness to pay such sum. Some nine months later respondent filed a cross-complaint for dissolution and accounting. Appellant's answer to this cross-complaint alleges termination of the partnership and that the disagreement arose because respondent Gipson refused to produce a bill of sale showing legitimate acquisition of the alleged stolen electric parts. This disagreement led to a fist fight between the two partners.

As stated in appellant's brief, the parties and attorneys appeared in court on February 19, 1948, and appellant tendered to the court "A voluminous 40-page typewritten accounting . . . and a copy of a voluminous accounting made by Certified Public Accountants employed by respondent." The trial court, however, refused to hear the matter and referred it for an accounting to J. W. Mullin, Jr., a special referee. The referee was then "furnished with a 44-page written accounting, prepared in great detail, together with an inventory, by appellant N. B. Chapman, and an accounting in writing prepared by respondent's accountant." A hearing was held before the referee on November 26, 1948, and on February 17, 1949, the referee's report was filed with the trial court.

On February 23, 1949, appellant's brief avers, "without notice to appellant, the court signed an order" adopting the

referee's report; respondent then moved the trial court to set aside such order and, on notice, to confirm the referee's report. Appellant complains that "The customary five days' notice" of this hearing was not given, but admits that on "Apr. 27, 1949, both counsel appeared in opening court and appellant objected to the referee's report." The trial court adopted the referee's report and ordered judgment accordingly. A minute order of June 8, 1949, recites: "Counsel for defendant is ordered to prepare Findings and Judgment," and appellant complains that no such findings of fact or conclusions of law were ever entered, and that there was no waiver thereof. The judgment entered was in respondent's favor in the amount of $2,386; the referee's fees were divided equally between the parties.

Appellant's first question as phrased in the brief is, "May the respondent file a Notice of Motion to confirm the report of the referee, in the trial court on April 23, 1949, serve a copy of the Notice of Motion upon appellant's attorney on April 25, 1949, and hold a hearing on April 27, 1949?" The argument is that section 1005 of the Code of Civil Procedure requires five days' notice of a motion. Respondent's brief points out that the notice herein was served by mail; that section 1013 provides that service is complete at the time of the deposit in the mail, and that appellant has not made the affidavit of service by mail a part of the record on appeal.

■ Regardless of any defect in the service, "the timeliness of the notice was waived by the appellant, for his counsel appeared and participated at the hearing of the motion on April 27, 1949, and contested the referee's report. He did not raise the question of service in the trial court." As is said in *Barry* v. *Coughlin,* 90 Cal. 220 [27 P. 197], "the object of giving notice was fully accomplished without giving it."

■ The second and third questions raised in appellant's brief relate to the fact that although the trial court ordered respondent to prepare findings of fact and conclusions of law, and such findings were not waived by appellant, the judgment was later signed without the making of such findings and conclusions. In this connection appellant relies upon section 643 of the Code of Civil Procedure providing that "The referees or commissioner must report their findings in writing to the court within twenty days after the testimony is closed and the facts found and conclusions of law must be separately stated therein."

Respondent answers this argument by quoting section 644 of the Code of Civil Procedure which provides that "The finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon filing of the finding with the clerk . . . judgment may be entered thereon in the same manner as if the action had been tried by the court." In *Chiarodit* v. *Chiarodit*, 218 Cal. 147, 150 [21 P.2d 562], the court said: "where the whole case is tried by the referee his findings take the place of the decision of the court and become a part of the judgment roll."

Since the referee did make an accounting as between the parties as was directed in the order of reference, and did report to the trial court that such accounting showed that appellant was indebted to respondent in the sum of $2,386, it is not a matter of great moment whether the court referred to the referee's document as a "report" or as "findings." In effect the referee's report of the facts found and the conclusion that appellant was indebted to respondent, can be nothing less than findings and conclusions, whatever terminology may be used. Respondent's brief also notes that although the appellant did object to confirmation of the referee's report, the questions now raised, namely, service of notice and inadequacy of findings, were apparently not presented to the trial court. Appellant's present objections in respect to these matters are untenable.

Appellant's final argument is that "counsel for appellant objected in open court to a reference to a referee declaring that two separate voluminous written accountings were made up and ready to file with the court, and that no further accounting of any kind was required." It is urged that there was no necessity for an accounting by a referee; that it was error to direct a reference, and that "Every litigant is entitled to his day in court, before a regular trial judge." The action, however, as instituted by appellant, was an equitable one "for dissolution of partnership and accounting." The chief if not the sole issue before the court was the accounting. The parties had presented to the trial court, as stated by appellant, "voluminous" accounts. Under such circumstances there was no impropriety in ordering a reference. Appellant's contentions are without merit.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.