[Civ. No 7631.   Fourth Dist., Div. One.   Jan. 25, 1966.]

OLGA FRIEDA McCONAGHY, Plaintiff and Respondent, v. ROBERT McCONAGHY, Defendant and Appellant; HERMAN A. BISCHOFF, as Receiver, etc., Respondent.

Robert McConaghy, in pro. per., for Defendant and Appellant.

Crittenden, Gibbs & Heid, Hayworth & Ericson, Philip Crittenden and Carl E. Ericson for Plaintiff and Respondent.

Burch, Gregory & Platt and R. Sherman Platt for Respondent.

FINLEY, J. pro tem.*—This is an appeal from an order directing the sale of property.

The parties were formerly husband and wife but since divorced. In an interlocutory judgment directing sale of the subject property, a trailer park, they were found to be tenants in common, each owning an undivided one-half interest. As a part of its decree the court appointed a receiver to take charge of and to manage and operate the trailer park, to improve it to the point where it would comply with the Municipal Code of the City of San Diego and as referee to sell the same at private sale for the best price and on the best terms available. The decree further directed partial distribution of the proceeds of sale but reserved the right to determine the amount of waste, apparently caused by appellant Robert McConaghy, before dividing the residue between the parties.

The receiver offered the property for sale on the open market over a period of six months prior to October 28, 1963. With the exception of the offer which precipitated the order appealed from, no bona fide offers to purchase the property were received. The subject offer was made contingent upon

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

the closing of escrow and delivery of possession of the property by December 2, 1963. On October 29, 1963, this offer was submitted to the parties and approved by respondent. Appellant although apparently agreeing that it was a good offer withheld approval pending a determination by the trial court of damages to be assessed against him for the waste.

On October 30, 1963, the receiver filed with the court his notice of motion for order directing sale of property, together with declarations in support thereof, whereupon the court granted an ex parte order shortening notice to two days before the time set for hearing of the motion which was noticed for November 4, 1963. Copies of the notice of motion, declarations and order shortening time were served on appellant on October 31, 1963.

On November 4, 1963, the hearing commenced, appellant filed a declaration in opposition to the receiver's motion alleging that he had had insufficient time to prepare his opposition to the motion, the testimony of a witness produced by appellant was taken and the hearing then recessed to November 5. The court was unable to hear the matter at that time and it was further recessed to November 6, concluded, and the order directing sale was made and entered on November 8, 1963.

On December 5, 1963, pursuant to this order, the property was sold and after making the directed disbursements the receiver retained the balance. On January 3, 1964, appellant and respondent stipulated to the entry of an order authorizing the receiver to pay out of this balance $100 per month to appellant and $200 per month to respondent. This stipulated order was entered on the same day.

Appellant's notice of appeal from the order directing sale was filed on January 7, 1964. On January 20, 1964, the receiver filed with the court his report of the sale.

Appellant states the issues in the form of four questions as follows:

1. Can the court shorten the time required by code of the serving of notices?

2. Can a referee sell real property without first posting or publishing a notice of sale?

3. Do tenants or tenants in common have prior right to purchase property?

4. Must facts found and conclusions of law be filed and served five days before they are signed by the court?

Respondent has listed substantially the same issues, al-

though stated differently, adding the contention that appellant is estopped from prosecuting this appeal for the reason that he elected to and did accept the benefits of the sale, took no steps after sale to head off the making of disbursements from the proceeds of the sale and stood by waiting until the 60th day following entry of the order directing sale to file his notice of appeal.

On Point 1 above, appellant appeared in court at the appointed time in response to the notice of motion and although he filed a declaration in opposition to the receiver's motion alleging therein that he had insufficient time within which to prepare his opposition to the matter, he did not request a continuance nor did he at any time in open court voice objection to further proceedings. Instead he produced a witness whose testimony was taken at that time. By appearing generally and proceeding without objection, excepting through the filing of his written declarations, he thereby accepted jurisdiction and waived any defects in notice, if any there were, a point which is now moot. (*Lacey* v. *Bertone*, 33 Cal.2d 649, 651 [203 P.2d 755]; *Chapman* v. *Gipson*, 103 Cal.App.2d 585, 587 [229 P.2d 834]; *Estate of Pailhe*, 114 Cal.App.2d 658, 661 [251 P.2d 76].)

Next to be considered is the point raised by respondent concerning estoppel, for if appellant by his conduct is estopped from prosecuting this appeal, it will be unnecessary to discuss or pass upon any of the remaining points.

"It is the settled rule that the voluntary acceptance of the benefits of a judgment or order is a bar to the prosecution of an appeal therefrom." (*Schubert* v. *Reich*, 36 Cal.2d 298, 299 [223 P.2d 242].) "The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other." (*County of San Bernardino* v. *County of Riverside*, 135 Cal. 618, 620 [67 P. 1047]; *Paul* v. *Walburn*, 135 Cal.App. 364 [26 P.2d 1002]. See also *Swallers* v. *Swallers*, 89 Cal.App.2d 458 [201 P.2d 23]; *Bulpitt* v. *Bulpitt*, 107 Cal.App.2d 550 [237 P.2d 539]; *Levine* v. *Chandler*, 212 Cal.App.2d 250 [27 Cal.Rptr. 831].)

Appellant having stipulated to the order for payment to him of the $100 per month and to respondent the $200 per month *from the proceeds of the sale* and having apparently accepted the stipulated benefits and having stood by without objection while his and respondent's obligations, which were

secured by the property sold, were liquidated by the trustee, he thereby accepted the benefits of the sale and is now estopped from questioning by appeal the validity of the sale.

The order appealed from is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1966.