[Civ. No. 39087. Second Dist., Div. Four. May 18, 1972.]

CHESTER F. FARRAR, Plaintiff and Appellant, v.
JAMES E. McCORMICK, Defendant and Respondent.

702

**COUNSEL**

Wolver & Wolver and Rudolph Pearl for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, John J. Hanson and John H. Sharer for Defendant and Respondent.

## Opinion

**DUNN, J.**—Plaintiff appeals from a dismissal of his action, entered 29 March 1971. After such judgment of dismissal (Code Civ. Proc., § 581d) was entered, plaintiff filed a "motion to reconsider" which was denied 19 April 1971. Plaintiff purports also to appeal from that order of denial.

The events pertinent to disposition of this appeal are: plaintiff's complaint was filed 3 May 1966; defendant filed his answer to it 3 June 1966; on 8 May 1968 plaintiff filed an "At-Issue Memorandum and Certificate of Readiness" wherein it was certified that discovery was complete; a settlement conference was set for 27 November 1968 and thereafter was continued six times until 9 February 1970 when it was ordered off calendar because of nonappearance by plaintiff. Over a year afterwards, on 17 March 1971, plaintiff filed a motion to specially set the case for trial before the expiration of five years from filing which would have required a mandatory dismissal. (Code Civ. Proc., § 583, subd. (b).) The next day, 18 March 1971, defendant filed a motion to dismiss under the discretionary provisions of Code of Civil Procedure section 583, subdivision (a), noticing it to be heard on the same day as plaintiff's motion, namely, 29 March 1971. Defendant secured an order shortening the time for service of his notice of motion upon plaintiff. As noted herein, the court granted defendant's motion and dismissed the action on 29 March 1971.

█ Plaintiff's attack upon the judgment of dismissal is not meritorious. In essence, it asks us to reweigh the parties' declarations and to disagree with the trial court's conclusions.

In *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193] and *Martindale* v. *Superior Court* (1970) 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199] the Supreme Court considered denials of discretionary motions to dismiss. In *Denham,* the court stated (pp. 563-564): "Under section 583, subdivision (a), of the Code of Civil Procedure, the trial court, in its discretion, may dismiss an action for want of prosecution if it is not brought to trial within two years after it was filed. The statute places no restrictions on the exercise of the trial court's discretion . . . 'The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse.' "

After the *Denham* case, *Lowe* v. *Thomas* (1970) 11 Cal.App.3d 867 [90 Cal.Rptr. 202], affirmed a dismissal granted by the trial court, the Court of Appeal stating (pp. 869-870): "A plaintiff may show good cause for delay and if the cause is reasonable, in a legal sense, dismissal would constitute an abuse of discretion on the part of the trial judge. [Citations.] However, the burden is upon a plaintiff to justify his delay in bringing

the case to trial . . . and it is his duty 'at every stage of the proceedings to use diligence to expedite his case to a final determination.' . . . 'Section 583 *requires* a dismissal of an action if it is not brought to trial within five years after it is commenced, and *authorizes* a dismissal, within the discretion of the trial court if it is not brought to trial within two years. As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater.' "

In *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17 [90 Cal.Rptr. 405] a writ of mandate was issued requiring the trial court to dismiss the action. The court stated (p. 21): "The distinction appears to be the difference between an *adequate* showing and *any* showing. Although *Denham* removes from the plaintiff any *burden* to show good cause for delay, it does not remove plaintiff's obligation to make *some showing of good cause* before the court, upon which the court may exercise its discretion. We construe that to mean that the trial court may not act arbitrarily and deny the motion when plaintiff has made no relevant showing whatever. There must be *something* upon which a discretion can rest."

The declaration filed in the present case, in support of defendant's motion to dismiss, recited the chronology of events mentioned herein, adding that on 24 January 1969 a settlement conference began before a judge who stated to counsel that discovery was not complete and that it should be undertaken, particularly by plaintiff; the conference accordingly was continued, thereafter being continued several times until 9 February 1970 when it was placed off calendar; plaintiff undertook no discovery measures at all.

The opposing declaration filed by plaintiff's attorney explained that no discovery ocurred in 1967 because the litigants were, personally, discussing settlement prospects; plaintiff's counsel disagreed with the judge at the hearing of 24 January 1969, believing that discovery was unnecessary; on 8 February 1970 he was in an accident which disabled him for several weeks so that he could not appear at the settlement conference scheduled the next day, 9 February 1970. On 4 April 1970 he moved his offices, causing "confusion" for several months before and after that date.

Plaintiff's declaration does not explain or justify a delay of nearly five years in bringing the case to trial nor does it explain or justify the inaction of thirteen months from 9 February 1970 to 17 March 1971 on which latter date plaintiff filed his motion specially to set the case for trial. Even viewing the declared facts most strongly in plaintiff's favor, we cannot say the trial judge abused his discretion in granting defendant's motion to dismiss.

■ Appellant next challenges the propriety of any order shortening time for service of a motion to dismiss. He refers us to rule 203.5, California Rules of Court, authorized by Code of Civil Procedure, section 583, subdivision (a). That rule states in part: "(a) A party seeking dismissal of a case pursuant to subdivision (a) of Section 583 . . . shall serve and file a notice of motion therefor at least 45 days before the date set for hearing of such motion . . . . The filing of the notice of motion shall not preclude the opposing party from further prosecution of the case to bring it to trial." Appellant contends this rule establishes a mandatory requirement of 45 days' notice and that no shortening of time is authorized.

Section 1005 of the Code of Civil Procedure states: "When a written notice of a motion is necessary, it must be given at least 10 days before the time appointed for the hearing. *The court, or a judge thereof, may prescribe a shorter time.*" (Italics added.) We are directed to neither case nor statute indicating that the statutory authority to shorten time was intended not to apply to motions made under Code of Civil Procedure, section 583, subdivision (a). The increase from 10 days' to 45 days' notice accomplished by rule 203.5 was intended to afford a plaintiff ample time within which to complete any necessary preparation and move to set his case for trial, if so inclined. Here, plaintiff already had such a motion on file, so that he was unaffected by the shortened notice of defendant's motion; he suffered no prejudice thereby.

Additionally, no objection was made by the plaintiff to the trial court's hearing of the motion. To the contrary, the record indicates plaintiff appeared to oppose the motion. Any defect in its timeliness thus was waived by the appearance; the purpose of giving notice accordingly was satisfied. (*Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 651 [203 P.2d 755]; *McConaghy* v. *McConaghy* (1966) 239 Cal.App.2d 601 [48 Cal.Rptr. 845], app. dism. (1967) 385 U.S. 536 [17 L.Ed.2d 592, 87 S.Ct. 761]; *Chapman* v. *Gipson* (1951) 103 Cal.App.2d 585, 587 [229 P.2d 834]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 7, p. 2683.) Furthermore, plaintiff made no motion to set aside the order of dismissal on the ground it was improvidently made because of lack of sufficient notice. (*Armstead* v. *Jackson* (1929) 100 Cal.App. 725, 729 [280 P. 1028].)

Appellant's challenge to the order shortening time is without merit.

■ We now weigh plaintiff's appeal from the order denying his motion to reconsider. No statutory or other authority exists for a bare "motion to reconsider" (*Dunas* v. *Superior Court* (1970) 9 Cal.App.3d 236, 239 [87 Cal.Rptr. 719]). Here, so far as can be told, plaintiff merely renewed his previous opposition to defendant's motion to dismiss, asking the court

to think about its ruling once again. No appeal lies from an order denying such motion. A judgment of dismissal is appealable (Code Civ. Proc., § 904.1, subd. (a)) and to permit a party to appeal from an order denying a bare motion to reconsider would give that party two appeals from the same decision.

However, a motion made on new grounds, asking the court to vacate its order, is an appropriate motion; an appeal from denial of such motion may be had if the circumstances are appropriate, as where a motion, made pursuant to Code of Civil Procedure, section 473, is based upon "mistake, inadvertence, surprise or excusable neglect." (*Winslow* v. *Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 91-94, pp. 4098-4102.) The rationale is explained in *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 388-389 [38 Cal.Rptr. 693]: "An order of dismissal for lack of prosecution is a final judgment which may be attacked by a direct appeal. . . . If the ejected plaintiff has appropriate factual support, he may choose not to appeal but to attack the judgment in the trial court by moving to vacate it under Code of Civil Procedure section 473. . . . Although plaintiff had an appeal from the dismissal, she now attacks it circuitously through the avenue of an appeal from the order refusing to vacate. As a general rule, such an order is not appealable. . . . The theory is that a plaintiff may not utilize an appeal from an order refusing to vacate as an indirect means of attacking an appealable order of dismissal. [Par.] A party seeking under section 473 to relieve himself of a dismissal injects into the case new elements of mistake, inadvertence, surprise and excusable neglect. Newly revealed facts, or the hitherto unrevealed impact of known facts, may demonstrate that the moving party was effectually deprived of a meaningful opportunity to defend against the original motion. These newly revealed circumstances may also persuade the trial court that the dismissal should not have been ordered, that it would not have been ordered had the plaintiff an opportunity to present the circumstances to the court in the first instance. Thus, the discretion of the trial court in disposing of the motion to vacate will be affected or controlled by facts not before it on the original hearing . . . ; and the action of the appellate court will be based upon a record not available to the plaintiff had he appealed from the dismissal itself. [Par.] . . . Under these circumstances, where a direct appeal from the dismissal is relatively ineffectual, the order refusing to vacate the dismissal is appealable."

Appellant's notice of motion stated: "Said motion will be made on the grounds that certain material facts were not before the Court when said order was granted, which facts are reflected in the attached Declaration of Chester F. Farrar." Although plaintiff's motion contains no reference (Code

Civ. Proc., § 1010) to section 473, we will assume that his declaration and motion sought, as he now claims, to rely upon the benefits of Code of Civil Procedure, section 473. (*Hecq* v. *Conner* (1928) 203 Cal. 504, 506 [265 P. 180]; *Fink & Schindler Co.* v. *Gavros* (1925) 72 Cal.App. 688, 691 [237 P. 1083].) The declaration of Farrar neither states anything new nor does it state any fact which was not known at the time plaintiff opposed defendant's motion to dismiss. It merely states that he and defendant Mc-Cormick discussed settlement possibilities in 1967, a fact set forth in his attorney's earlier declaration. Mistake, inadvertence, surprise or excusable neglect are not shown.

Appellant additionally argues that his motion to reconsider should be considered as a motion for new trial, contending that denial of such a motion is appealable. So viewed it is not appealable. Only an order granting, not denying, a new trial is appealable. (Code Civ. Proc., § 904.1, subd. (d).)

The court's order denying appellant's motion to reconsider was proper; it lay well within the trial court's discretion. Ordinarily, we would dismiss an appeal from a bare motion to reconsider. However, viewing appellant's motion as constituting what he contends it represents, we do not dismiss the appeal from the order; rather, we affirm the judgment of dismissal and the subsequent order denying reconsideration.

Jefferson, Acting P. J., and Kingsley, J., concurred.