[Civ. No. 43683. Second Dist., Div. One. Dec. 12, 1974.]

JANE M. ANDRE, Plaintiff and Appellant, v.
GENERAL DYNAMICS, INC., et al., Defendants and Respondents.

## Counsel

George D. Bane for Plaintiff and Appellant.

Hagenbaugh, Murphy & Davies and Raymond T. Gail for Defendants and Respondents.

## Opinion

**LILLIE, J.**—Plaintiff appeals from judgment of dismissal of her action "as to all parties and all causes of action" for her failure timely to prosecute.

Plaintiff filed her complaint alleging slander by all defendants, General Dynamics, Inc., Jack Sloan, Jack Mason and Joe Till, on September 2, 1969; service of process was made only on defendant General Dynamics, Inc. which filed its answer November 7, 1969.

An at-issue memorandum was filed by plaintiff on May 11, 1970; she filed certificate of readiness on January 18, 1971, and the trial was set for May 3, 1971. On motion of General Dynamics, Inc. trial was continued to July 12, 1971; on plaintiff's motion it was continued to October 4, 1971; again on plaintiff's motion trial was continued to May 1, 1972, and settlement conference set for April 10, 1972; on the next day the court reinstated the trial date of May 1, 1972, and the parties were notified; on May

1, 1972, the cause trailed to May 2, 1972, on which day the cause was taken off calendar on request of plaintiff's counsel under the belief the matter was settled. Subsequently plaintiff refused to accept a settlement offer made by General Dynamics, Inc.

On October 16, 1972, plaintiff filed motion for leave to file amended complaint which was denied November 10, 1972.

On November 28, 1972, notice of motion to dismiss for failure to bring the cause to trial within two years, pursuant to section 583, subdivision (a), Code of Civil Procedure, was served on plaintiff by the court on its own motion in opposition to which plaintiff filed declarations and points and authorities. Subsequently on January 13, 1973, General Dynamics, Inc. filed notice of motion to dismiss for failure to prosecute. On January 18, 1973, hearings on these motions were continued to February 1, 1973. Plaintiff, represented by counsel, appeared and testified. The motions were granted and judgment of dismissal as to all parties was entered on June 25, 1973.

The primary issue is whether the trial court abused its discretion by initiating a motion to dismiss plaintiff's action against all defendants. ■ First we note that the record fails to show that defendants Sloan, Mason and Till were ever served with process; the judgment of dismissal was entered close to four years after the complaint was filed. Section 581a, subdivision (a), Code of Civil Procedure, provides that the court shall dismiss an action *on its own motion* as to any defendant on whom summons and complaint have not been served and return made thereon within three years after the filing of the complaint;[1] and it is settled that such a dismissal is proper in the valid exercise of the court's discretion where, as at bench, no reason has been shown by the plaintiff to justify the failure to serve process. (*Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431, 437 [96 Cal. Rptr. 571, 487 P.2d 1211]; *Watson* v. *Superior Court,* 24 Cal.App.3d 53, 58 [100 Cal.Rptr. 684].) Moreover the fact that General Dynamics, Inc. was served and did appear in the action does not preclude the dismissal as to the unserved defendants who were here sued under joint and several

---

[1]"No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

liability. (*Watson, supra,* p. 57; *Hill* v. *Superior Court,* 251 Cal.App.2d 746, 755 [59 Cal.Rptr. 768].) Accordingly, there is no issue as to the court's power in respect to the judgment of dismissal as to these nonserved defendants.[2]

■ As to General Dynamics, Inc., the foregoing chronological enumeration establishes that more than three years elapsed between the filing of the complaint and the trial court's notice of motion to dismiss during which time the cause had been taken off calendar at plaintiff's request and no attempt had been made on her behalf to reinstate it and bring it to trial. Under section 583, subdivision (a), the trial court patently had discretion to dismiss;[3] and "The exercise of the trial court's discretion will be disturbed only for clear abuse [citation] . . . a reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice." (*Denham* v. *Superior Court,* 2 Cal.3d 557, 564-566 [86 Cal.Rptr. 65, 468 P.2d 193]; *Hansen* v. *Snap-Tite, Inc.,* 23 Cal. App.3d 208, 213 [100 Cal.Rptr. 51].) *Denham* v. *Superior Court,* 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193] does hold that a plaintiff may be able to demonstrate an abuse of discretion by a showing that he clearly had good cause for delay in bringing the action to trial which the trial court manifestly failed to recognize: " 'However, the burden is upon a plaintiff to justify his delay in bringing the case to trial . . . and it is his duty "at every stage of the proceedings to use diligence to expedite his case to a final determination." . . . "Section 583 *requires* a dismissal of an action if it is not brought to trial within five years after it is commenced, and *authorizes* a dismissal, within the discretion of the trial court if it is not brought to trial within two years. As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater." ' " (*Farrar* v. *McCormick,* 25 Cal.App.3d 701, 703-704 [102 Cal.Rptr. 190]; *Lowe* v. *Thomas,* 11 Cal.App.3d 867, 869-870 [90 Cal.Rptr. 202].)

Plaintiff submitted her reason for the delay to be that after the cause was taken off calendar by her attorney on May 2, 1972, he thereafter withdrew from the case (when she refused to accept the settlement offer) and she did not retain other counsel until October 4, 1972. However, plaintiff made no showing that the delay in obtaining other legal representation was beyond

---

[2]Appellant conceded during oral argument that a dismissal was properly entered as to these defendants.

[3]"The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

her control,[4] much less any demonstration that if it was, this would necessarily constitute such good cause as to establish an abuse of discretion by the trial court in granting the dismissal. Analogous case law appears to the contrary. In *Cohn* v. *Rosenberg,* 62 Cal.App.2d 140 [144 P.2d 399], involving a motion to dismiss under the three-year portion of section 583, subdivision (c), the judgment of dismissal was affirmed despite the contention that plaintiff had had no legal representation for a time after his attorney became a judge, and that this period should not be counted in computing the overall period of delay in prosecuting. Said the court at page 146: "Nor does the fact that after January, 1939, plaintiff's attorney could no longer act for him serve as legal ground for setting aside the trial court's affirmative finding of laches, for it will be noted plaintiff waited three years before he secured the services of another attorney." Also, in *Beswick* v. *Palo Verde Hospital Assn.,* 188 Cal.App.2d 254 [10 Cal.Rptr. 314], plaintiff contended that during part of the five-year period (§ 583, subd. (b)) "the power to bring the action to trial was entirely beyond his control" (p. 257) because of the illness and subsequent death of one of his attorneys. The judgment of dismissal was affirmed: "Delay attributable to the . . . sickness, or death of counsel . . . is not necessarily excusable. [Citation.]" (Pp. 260-261.) Moreover, although plaintiff obtained new counsel on October 4, 1972, they failed to reset the cause for trial during the six weeks before the trial court filed its notice of motion to dismiss. " '[T]he duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination.' [Citations.]" (*Crown Coach Corp.* v. *Superior Court,* 8 Cal.3d 540, 548 [105 Cal.Rptr. 339, 503 P.2d 1347]; *Fannin Corp.* v. *Superior Court,* 36 Cal.App.3d 745, 750 [111 Cal.Rptr. 920].) We attribute no significance to the circumstances alluded to by plaintiff that at one time the trial court on her motion continued the trial until May 2, 1972, a date already more than two years past the filing date of the complaint. Surely this tolerance at that time did not, and could not estop the subsequent motions to dismiss filed and served months later when the cause had still not been brought to trial.

■ On the issue of the trial court's abuse of discretion in initiating the motion to dismiss as to General Dynamics, Inc., raised by appellant, neither

---

[4]Plaintiff stated in her declaration filed in opposition to the court's notice of motion to dismiss: "I spoke to the following attorneys about my case in the months that followed:

"Christy and Wayne; Roberta Ralph; Marenstein and Lewis, Belli and Ashe; Stan Parry.

"For various reasons I did not retain any of these attorneys to represent me. Finally on October 4, 1972, I retained Miss Donna Gordon and Mr. George Bane to represent me in this matter."

party has cited a case in point, nor have we found any decided under the present language of section 583, subdivision (a). However, we conclude that the trial court's action, although apparently unusual, did not constitute error and, under the circumstances at bench, certainly was not prejudicial.

In construing the code section we note that it provides for an exercise of the court's discretion in relation to rules pertaining to the "procedure for obtaining such dismissal" adopted by the Judicial Council, and we have compared this language adopted by the Legislature in 1969 by amending section 583, with the *prior* wording of the section pertaining to discretionary dismissals: "The court may in its discretion dismiss any action for want of prosecution *on Motion of the defendant* [italics ours] and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ." We construe the amendment as an indication by the Legislature that it no longer intended that a motion for dismissal could be initiated only by a defendant. "Where the amendment of a statute consists of the deletion of an express provision, the presumption is that a substantial change in the law was intended." (*Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 59 Cal.2d 842, 844 [31 Cal.Rptr. 477, 382 P.2d 597]; *Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 231 [273 P.2d 5].) "By deleting an express provision from an existing statute, a presumption arises that the Legislature intended a substantial change in the law. [Citations.]" (*Wallace* v. *Department of Motor Vehicles,* 12 Cal.App. 3d 356, 361 [90 Cal.Rptr. 657].)

It is true that following the amendment the Judicial Council adopted (effective Jan. 1, 1970) rule 203.5, California Rules of Court, subdivision (a) of which provides for the giving of notice of a motion for dismissal by the party seeking such pursuant to section 583, subdivision (a);[5] but we do not construe this rule as intending to limit the initiation of such a motion exclusively to a party, and to exclude a court. Moreover, the record reveals that the trial court, while initiating the motion to dismiss, did so in complete compliance with the requirements of rule 203.5, subdivision (a), by serving on counsel for plaintiff (as well as on defendant's attorneys) a "Notice of Motion to Dismiss"[6] which was dated November 13, 1972, and scheduled a

---

[5]"A party seeking dismissal of a case pursuant to subdivision (a) of Section 583 of the Code of Civil Procedure shall serve and file a notice of motion therefor at least 45 days before the date set for hearing of such motion, and the party may, together with his memorandum of points and authorities, serve and file an affidavit stating facts in support of his motion. The filing of the notice of motion shall not preclude the opposing party from further prosecution of the case to bring it to trial."

[6]The notice is on a mimeograph form, containing language indicating that it is predicated "on the Court's motion" and providing for the "checking" of alternative

hearing on the motion for December 28, 1972—thereby providing the full 45-day notice specified in the rule. The record further discloses that thereafter, on November 28, 1972, plaintiff filed "declarations and memorandum of points and authorities in opposition to court's motion to dismiss pursuant to section 583 CCP," and subsequently a full hearing on the motion was accorded plaintiff at which she was represented by counsel and gave testimony in opposition to the dismissal, and which hearing was continued until a later date at the request of plaintiff's counsel. Accordingly, plaintiff received the exact same procedural rights and the opportunity to oppose the dismissal, as she would have had had the motion been initiated by General Dynamics, Inc. On this basis and because we are bound by the court's subsequent proper exercise of its discretion in finding that plaintiff had failed to use due diligence to expedite her case to a final determination against defendant, plaintiff having failed to show an abuse of discretion in this respect we find that plaintiff has suffered no prejudice by the trial court's action.

█ Further, the court's procedure would appear to be legally sufficient under the language of section 1005.5, Code of Civil Procedure, which patently does not limit the giving of effective notice merely to a party.[7] Section 1005.5 is cited favorably in *Harris* v. *Board of Education,* 152 Cal. App.2d 677 [313 P.2d 212], the only related case we have found, although the section is not relied upon therein because it was enacted subsequent to the dismissal matters there at issue. In *Harris* the trial court on its own volition entered a judgment of dismissal pursuant to section 583, subdivision (a) without it or defendants having given notice of motion to dismiss or plaintiffs having been accorded any hearing thereon; but subsequently it vacated the dismissal for this reason. On appeal from the order to vacate, defendants contended that despite the absence of notice of motion to dismiss by them, the trial court could have dismissed on its own volition (although § 583 then expressly provided for a "motion of the defendant") because "apart from statutory provisions for dismissal of actions, courts have inherent power to dismiss an action for failure to prosecute it dili-

---

matters, one of which is "2. Motion to dismiss for failure to bring to trial within two (2) years. (Section 583 CCP)"—which item was "checked" on the notice served on plaintiff—and for the insertion by the court of the time and place of the hearing on the motion. We have no information as to how extensively such a form has been utilized but presumably it has been used in other and similar instances.

[7]"A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided."

gently." (P. 683.) The court did not there disagree with this contention, but affirmed the order to vacate because, unlike the cause at bench, neither notice was given plaintiffs nor hearing afforded them. The court said at page 683: "[Here] the inherent power of the court to dismiss for lack of prosecution is a discretionary power. [Citation.] And where dismissal rests in the discretion of the court the plaintiff should be given notice of the motion to dismiss and an opportunity to be heard thereon."

Moreover the record shows that on January 13, 1973, General Dynamics, Inc. filed and served on plaintiff its own "notice of motion to dismiss for failure to prosecute." It is true that because hearing on the matters was commenced on January 18, 1973, plaintiff did not receive the 45-day notice specified in rule 203.5, subdivision (a), on General Dynamics' motion, but this could not have been prejudicial under the circumstances ·that sufficient time notice had already been given plaintiff, albeit by the court.[8] In *Farrar* v. *McCormick*, 25 Cal.App.3d 701 [102 Cal.Rptr. 190], the trial court granted defendant an order shortening time (45-day notice requirement). "Here, plaintiff . . . was unaffected by the shortened notice of defendant's motion; he suffered no prejudice thereby. . . . the record indicates plaintiff appeared to oppose the motion. Any defect in its timeliness thus was waived by the appearance; the purpose of giving notice accordingly was satisfied. [Citations.]" (P. 705.)

The judgment is affirmed.

.Wood, P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1975.

---

[8]At the hearing counsel for plaintiff sought to strike defendant's motion on the express ground that: "The Court's motion is here. Counsel knew the Court's motion was here, and I see no reason for having this motion in the first place. . . . I would like to move to strike his entire motion and let's just hear the—the Court has its own motion."