[Civ. No. 35894. First Dist., Div. One. Mar. 12, 1975.]

JAMES W. TATE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
CITY AND COUNTY OF SAN FRANCISCO, Real Party in Interest.

## COUNSEL

Silverman, Ballard, Goldstein & Berenstein, Bruce S. Silverman and Paul J. Steiner for Petitioner.

No appearance for Respondent.

Thomas M. O'Connor, City Attorney, and Edward J. Rothman, Deputy City Attorney, for Real Party in Interest.

## OPINION

**MOLINARI, P. J.**—Petitioner seeks a writ of mandate directing respondent court to set aside its dismissal of an action for damages for personal injuries. An alternative writ was issued by this court.

The complaint was filed on August 9, 1972. Real party in interest answered the complaint on August 24, 1972. Petitioner filed a memorandum on August 31, 1972, that the case was at issue, pursuant to rule 206 of the California Rules of Court. Although a notice of eligibility to file a certificate of readiness was served on petitioner in December 1973, none was filed. On September 4, 1974, the clerk of respondent court mailed a notice to petitioner and real party that on September 18, 1974, a hearing

would be held at which petitioner would be required to show cause why respondent court should not, on its own motion, enter its order dismissing the action. On September 18, 1974, a hearing was held and the action was ordered dismissed.[1]

Petitioner contends that the dismissal of his action by respondent court was improper due to the court's failure to follow the procedure prescribed in subdivision (a) of section 583 of the Code of Civil Procedure[2] and rule 203.5 of the California Rules of Court (hereinafter "rule 203.5").

Section 583, subdivision (a), in pertinent part, states that "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

Rule 203.5 provides that "A party seeking dismissal of a case pursuant to subdivision (a) of Section 583 of the Code of Civil Procedure shall serve and file a notice of motion therefor at least 45 days before the date set for hearing of such motion, . . ."

We first observe that in *Andre v. General Dynamics, Inc.,* 43 Cal.App.3d 839, 844-846 [118 Cal.Rptr. 95], it was held that a court may dismiss an action pursuant to subdivision (a) of section 583 on its own motion provided the plaintiff is afforded the same procedural rights and an opportunity to oppose the dismissal as the plaintiff would have had if the motion had been initiated by the defendant. The rationale of *Andre* is that the amendment by the Legislature of section 583, subdivision (a), in 1969 which resulted in the deletion of the words "on motion of the defendant" indicated an intention that the Legislature no longer intended that a motion for dismissal could be initiated only by a defendant.

*Andre* also holds that in view of the provisions of section 583, subdivision (a), rule 203.5 may not be construed as limiting the initiation of the motion to dismiss exclusively to a party but that such a motion may also be initiated by the court.

■■■ Initially we find no merit to petitioner's contention that the

---

[1] We have not been furnished with the showing, if any, that was made at such hearing.
[2] Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

"Notice of Order To Show Cause In Re Dismissal" served on petitioner was improperly issued because it was signed by a deputy county clerk and not by a judge. The subject notice, although signed by a deputy clerk, was issued on behalf of the county clerk and clerk of the superior court. The county clerk is ex officio clerk of the superior court of the State of California in his particular county. (Cal. Const., art VI, § 4; *Union Bk. & Tr. Co.* v. *Los Angeles Co.,* 2 Cal.App.2d 600, 607 [38 P.2d 442] [overruled on other grounds, *Minsky* v. *City of Los Angeles,* 11 Cal.3d 113, 123, fn. 15 [113 Cal.Rptr. 102, 520 P.2d 726]].) A deputy county clerk is also an ex officio clerk of the superior court in his county and his authority is coextensive with that of his principal. (Gov. Code, § 1194; *Touchard* v. *Crow,* 20 Cal. 150, 157-158; *Union Bk. & Tr. Co.* v. *Los Angeles Co., supra,* at pp. 607-608; *People* v. *Collins,* 6 Cal.App. 492, 501 [92 P. 513].)

■ "The duties of clerks are in general to serve the court in a ministerial capacity, to act as custodians of its records and to perform such duties as are prescribed by law or imposed by the lawful authority of the court." (*Union Bk. & Tr. Co.* v. *Los Angeles Co., supra,* 2 Cal.App.2d 600, 609; see Gov. Code, § 69841 et seq.) Among these duties the clerk shall issue all process and notices required to be issued. (Gov. Code, § 69843; see *Touchard* v. *Crow, supra,* 20 Cal. 150, 158.) Since the clerk of the court is acting under its direction there is a presumption that he discharges every duty specifically enjoined upon him and that official duty has been regularly performed. (Evid. Code, § 664; *Rued* v. *Cooper,* 109 Cal. 682, 691 [34 P. 98].) ■ In the instant case it is a presumed fact that the clerk in issuing the subject notice was acting under the direction of respondent court and the burden of proof was on petitioner as to the nonexistence of the presumed fact. (Evid. Code, §§ 606, 664; see Evid. Code, § 605.) Petitioner did not present any evidence or make any showing that the clerk in issuing the subject notice was not acting pursuant to the direction of respondent court. Nor does he make such a contention. Moreover, the notice directed petitioner to appear before respondent court and petitioner's appearance at the appointed time and place is an indication that he was acting in compliance with an order of court, particularly in view of the fact that no challenge was made with respect to the validity of the notice or the process by which he was summoned to appear before the court.

■ Petitioner's essential contention is that we should set aside the dismissal of the action because the "Notice of Order To Show Cause In Re Dismissal" did not comply with rule 203.5 in that he was not given

the 45-day notice therein provided for. The record discloses that said notice was mailed on September 4, 1974, and that the hearing was noticed for September 18, 1974. Accordingly, petitioner was given only a 14-day notice. (Code Civ. Proc., § 1013.)

■ In *Andre* it was pointed out that although a court may on its own motion initiate a motion to dismiss pursuant to section 583, subdivision (a), the court is required to comply with the provisions of rule 203.5. We agree with this holding and the rationale upon which it is based, i.e., that where the court proceeds on its own motion the plaintiff is entitled to the same procedural rights as when the motion is initiated by the defendant. (43 Cal.App.3d at pp. 843-844.)

■ The record before us discloses, however, that petitioner appeared at the hearing in response to the notice. He did not appear specially to object to the court's jurisdiction or to the failure of the court to comply with rule 203.5. The record is bereft of any indication that petitioner moved to quash the notice for lack of compliance with rule 203.5. To the contrary the record discloses that petitioner appeared at the hearing and argued the motion to dismiss on its merits.

■ It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. (*Lacey* v. *Bertone,* 33 Cal.2d 649, 651 [203 P.2d 755]; *Bohn* v. *Bohn,* 164 Cal. 532, 538 [129 P. 981]; *Flood* v. *Goldstein Co.,* 158 Cal. 247, 251-252 [110 P. 916]; *Kowalski* v. *Cohen,* 252 Cal.App.2d 977, 979 [60 Cal.Rptr. 874]; *McConaghy* v. *McConaghy,* 239 Cal.App.2d 601, 604 [48 Cal.Rptr. 845]; *Batchelor* v. *Finn,* 169 Cal.App.2d 410, 425-427 [337 P.2d 545, 341 P.2d 803].) This rule applies even when no notice was given at all. (*City of Pasadena* v. *Superior Court,* 212 Cal. 309, 315 [298 P. 968]; *Reynolds* v. *Harris,* 14 Cal. 667, 677; *Overton* v. *White,* 18 Cal.App.2d 567, 576 [64 P.2d 758, 65 P.2d 99].) Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.

In *Kowalski* it was argued on appeal that the defendants failed to give proper notice of the motion to dismiss the complaint on the basis of the discretionary two-year provision of section 583 of the Code of Civil Procedure. The plaintiff had appeared at the hearing of the motion and argued the merits of the motion. It was held that plaintiff's appearance

and participation at the hearing operated as a waiver of any objection he may have had predicated upon an asserted lack of notice. (252 Cal.App.2d at p. 979.)

The conclusion reached herein is predicated upon the fact of waiver of the insufficiency of the notice. The merits of the motion have not been submitted to us for review. Accordingly, we have not considered whether the court abused its discretion in dismissing the action.

The peremptory writ is denied and the alternative writ is discharged.

Elkington, J., and Lazarus, J.,* concurred.

A petition for a rehearing was denied April 10, 1975, and petitioner's application for a hearing by the Supreme Court was denied May 8, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.