[No. A038284. First Dist., Div. Two. Aug. 21, 1989.]

JAMES A. VLAHOVICH, JR., et al., Plaintiffs and Respondents, v. MICHAEL S. CRUZ, Defendant and Appellant.

COUNSEL

Michael S. Cruz, in pro. per., and S. K. Khalsa for Defendant and Appellant.

Patricia H. Lyon and Tobin & Tobin for Plaintiffs and Respondents.

OPINION

KLINE, P. J.—Appellant Michael S. Cruz appeals from an order modifying a prior judgment between the parties to permit a nonjudicial foreclosure sale for the recovery of certain monies owing from appellant to respondent. Appellant argues he was given inadequate notice of the motion to modify, which denied him due process of law. He further insists the court erred in granting the motion after respondent had irrevocably chosen a judicial foreclosure, since such action improperly denied him an opportunity to exercise his right of redemption.

## BACKGROUND

On November 21, 1979, respondent filed this action against appellant for judicial foreclosure of a deed of trust executed by appellant in favor of respondent to secure payment of a promissory note dated May 17, 1972. Respondent sought recovery of $2,687, plus interest, an amount secured by a deed of trust on appellant's home at 140 Precita Avenue in San Francisco. Respondent also asked the court to cancel a purported reconveyance he had executed in favor of appellant based on appellant's fraudulent claims that he

wished to pay the promissory note in full. The checks used to effect that payment were returned by appellant's bank, marked "not sufficient funds" and "payment stopped."

Appellant filed an answer and cross-complaint against respondent and trial was held on October 26, 1983. The court found appellant had perpetrated a fraud upon respondent and therefore declared the purported deed of reconveyance null and void. The court further determined respondent was entitled to a foreclosure on the secured property to satisfy the amount outstanding on the promissory note. Judgment was entered on December 2, 1983.

On March 12, 1987, respondent filed an application for modification of judgment, seeking to have the judgment modified to allow for a private trustee's sale to recover the balance due. The court granted the motion and the order was filed on April 1, 1987.

This timely appeal followed.

### DISCUSSION

#### A. *Timeliness of Motion*

Appellant complains he received inadequate notice of respondent's motion to modify the judgment. On March 30, 1987, appellant filed a document with the court wherein he asserted that respondent's motion papers were received with only two days' notice.

" 'It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. *This rule applies even when no notice was given at all.* Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' " (*Alliance Bank* v. *Murray* (1984) 161 Cal.App.3d 1, 7-8 [207 Cal.Rptr. 233], quoting *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 930 [119 Cal.Rptr. 835]; citing *Estate of Pailhe* (1952) 114 Cal.App.2d 658, 660-661 [251 P.2d 76], citations omitted.)

After raising the argument in writing on March 30 appellant thereafter appeared at the hearing on the motion, addressed the merits of the motion and made no argument concerning the purportedly inadequate

notice. By doing so he waived any defect in the notice and, thus, may not raise this issue on appeal.[1]

## B. *Propriety of Court's Modification of Judgment*

■ Appellant next maintains the court erred in modifying the judgment to allow respondent to proceed by way of a trustee's sale after having sought and obtained a judgment for a judicial foreclosure. In particular, appellant objects to the modification on the ground that it deprives him of the opportunity to redeem the property, an option available with a court foreclosure but not a trustee's sale.

■ Trust deeds and mortgages that contain a power of sale give the lienholder the option of proceeding through a judicial foreclosure or a trustee's sale. (1 Miller and Starr, Current Law of Cal. Real Estate, Choice of Remedies (1975) § 3:79, p. 479, hereinafter referred to as Miller and Starr.) When a lienholder proceeds by way of judicial foreclosure the debtor is given a statutory right of redemption, that is, he is permitted to repurchase the property after the judicial foreclosure sale by payment of the amount of the sales price plus interest. ■ (Code Civ. Proc., §§ 729.010, 729.060.)[2] ■ However, in such a case, the lienholder may thereafter sue to obtain a deficiency judgment against the debtor. In comparison, following a trustee's sale deficiency judgments are unavailable (see Code Civ. Proc., § 580d) and there is no right of redemption: "[t]he private power of sale is intentionally designed as a comparatively fast and efficient remedy for the creditor to terminate the debtor's right of redemption effectively and inexpensively." (Miller and Starr, *supra,* Foreclosure by Power of Sale, § 3:97, at p. 501.)

■ The question presented here is whether respondent, who sought a judicial foreclosure and proceeded to judgment, should thereafter be precluded from requesting a modification of that judgment to permit a trustee's

---

[1] Appellant asserts that the "express registering of [an] objection precludes waiver of rights." In support of this statement he cites *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190] and *Bohn* v. *Bohn* (1913) 164 Cal. 532, 538-539 [129 P. 981]. Neither of these cases supports his position. *Farrar* stands for the opposite proposition—that defects in a motion's timeliness are waived by an appearance at the hearing. In *Bohn* the court concluded that the objection had not been waived where, *unlike the instant case,* the appealing party made a limited appearance at the hearing, did not address the merits of the motion and only argued the motion was defective in form.

[2] The redemption statutes are designed to encourage the purchaser at the sale to pay the full value of the property. (See *Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 602-604 [125 Cal.Rptr. 557, 542 P.2d 981].)

sale of the property. Neither the parties nor this court have been able to find any authority which directly addresses this issue.[3]

Appellant asserts respondent ought not be permitted to obtain a judgment for a judicial foreclosure, with its attendant rights of redemption, and then turn around and decide to proceed by way of a trustee's sale which denies him any possibility of redeeming the property. We agree.

■ It is quite clear that the *commencement* of an action for judicial foreclosure does not result in an election of remedies. "These remedies [judicial and private sales] can be exercised alternatively *or* concurrently. The beneficiary can pursue *either* remedy, or he can institute *both* methods of foreclosure *at the same time* and then complete the one he later selects." (Miller and Starr, *supra,* Choice of Remedies, § 3:79, p. 479, italics in original, fns. omitted; see also, 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 123, at pp. 626-627.) By enacting the antideficiency legislation codified in Code of Civil Procedure section 580d the California Legislature placed judicial and private sales on equal footing, protected the debtor's rights and maintained the creditor's choice of remedies.[4]

■ However, there is nothing which maintains the lienholder's choice of remedies when he has not only instituted an action for foreclosure, but pursued that action to a final judgment. At such time a debtor such as appellant might understandably presume a right of redemption will be available and begin efforts to secure the funds necessary to redeem the property. ■ "Ordinarily a plaintiff need not elect, and cannot be compelled to elect, between inconsistent remedies during the course of trial prior to judgment. However, if a plaintiff has unequivocally and knowledge-

[3] *In Flack* v. *Boland* (1938) 11 Cal.2d 103 [77 P.2d 1090] the Supreme Court expressly left this issue open. In that case the court stated that "the *pendency* of the action in foreclosure was not a bar to the foreclosure of the deed of trust through the form and procedure of a trustee's sale." (*Id.,* at p. 107, citations omitted, italics added.) The court went on to observe that "[w]hether he could do so after a final judgment . . . in the foreclosure action presents a question which is not before us." (*Id.,* at p. 108.)

Appellant is incorrect in his assertion that *McDonald* v. *Smoke Creek Live Stock Co.* (1930) 209 Cal. 231 [286 P. 693] stands for the proposition that an election of remedies is available only until judgment is entered. In that case the court stated that an election was available despite the fact that a court action had begun; it did *not* answer the related question of whether such an election is available once the action has reached a final judgment.

[4] This was explained in *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 43 [27 Cal.Rptr. 873, 378 P.2d 97]: "section 580d was enacted to put judicial enforcement on a parity with private enforcement. This result could be accomplished by giving the debtor a right to redeem after a sale under the power. The right to redeem, like proscription of a deficiency judgment, has the effect of making the security satisfy a realistic share of the debt. By choosing instead to bar a deficiency judgment after private sale, the Legislature achieved its purpose without denying the creditor his election of remedies." (Citations omitted.)

ably elected to proceed on one of the remedies he is pursuing, he may be barred recourse to the other." (*Roam* v. *Koop* (1974) 41 Cal.App.3d 1035, 1039 [116 Cal.Rptr. 539], citations omitted.) A litigant will be held to his choice of remedies if "having full knowledge of all of the facts has elected one of two inconsistent remedies and *pursues it to judgment*." (*Yates* v. *Kuhl* (1955) 130 Cal.App.2d 536, 540 [279 P.2d 563], citations omitted, italics added.) ▮ That is precisely what occurred in this case.

Respondent presumably pursued a judicial foreclosure—despite the fact that it provided appellant with redemption rights—because he expected it might be necessary to obtain a deficiency judgment to satisfy the remaining debt. Thereafter, respondent may have determined that due to the appreciation in value of the property he would no longer need a deficiency judgment to satisfy the debt. If so, it became advantageous to hold a trustee's sale, which involved no right of redemption, although such a course of action would preclude any deficiency judgment.

In our opinion, it would be extremely unfair to permit respondent to proceed to judgment in a judicial foreclosure action—thereby preserving his right to a deficiency judgment—and then, three years later, change his course of action to gain the benefit of the inflated value of San Francisco real estate and at the same time obliterate appellant's extant right of redemption.[5]

Accordingly, we conclude that the trial court erred in granting respondent's motion to modify the judgment to allow a private trustee's sale. The cause is remanded to the superior court with directions to vacate its order modifying judgment, filed April 1, 1987, and reinstate the prior judgment in this action, filed December 2, 1983.

Benson, J., and Peterson, J., concurred.

---

[5] Having reached this conclusion there is no need for us to address appellant's claim that based on the doctrine of "law of the case" modification of the judgment was precluded by this court's 1986 order denying respondent's motion to vacate portions of the judgment and reinstate the subject promissory note.