Filed 3/25/14  Fannie Mae v. Gardner CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FANNIE MAE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HONG JACQUELINE NGUYEN GARDNER,<br><br>Defendant and Appellant. | A138821<br><br>(Alameda County<br>Super. Ct. No. RG11589720) |

Defendant Hong Jacqueline Nguyen Gardner purports to appeal from a voluntary dismissal without prejudice of a judicial foreclosure action filed by plaintiff Fannie Mae. Because there is no appealable judgment, we dismiss the appeal.

## PROCEDURAL BACKGROUND

Fannie Mae commenced this action in August 2011 by filing a complaint against Gardner for the appointment of a receiver and for judicial foreclosure.  Fannie Mae alleged that Gardner was in default under the terms of a loan secured by a residential apartment building located in Oakland (the "property").  Fannie Mae requested that the court appoint a receiver with respect to the property.  Fannie Mae also sought a judgment foreclosing on a deed of trust secured by the property.  The court appointed a receiver with respect to the property in December 2011.

The property was sold in a nonjudicial foreclosure at a trustee's sale conducted in October 2012.  Following the sale of the property in a nonjudicial foreclosure sale, Gardner filed a voluntary petition under Chapter 11 of the United States Bankruptcy

1

Code in November 2012.[1] The case was subsequently converted to a Chapter 7 proceeding. In the bankruptcy proceeding, Gardner filed an adversary complaint against Fannie Mae seeking to set aside the October 2012 nonjudicial foreclosure and quiet title to the property. In her adversary complaint in the bankruptcy proceeding, Gardner contended that Fannie Mae had violated Code of Civil Procedure section 726, subdivision (a) by filing a complaint for judicial foreclosure and subsequently proceeding in a nonjudicial foreclosure. She claimed that there can only be one form of action for enforcement of a secured right over real property under section 726, subdivision (a) of the Code of Civil Procedure. The bankruptcy court dismissed Gardner's adversary complaint in March 2013.

On April 26, 2013, the trial court in this action entered an order approving the receiver's final accounting and requested fees. The order also discharged the receiver.

On May 9, 2013, Fannie Mae filed a voluntary request for dismissal without prejudice of the complaint in this action. The clerk entered the dismissal the same day.

Thereafter, on May 29, 2013, Gardner filed a notice of appeal. Her notice of appeal does not identify the order or judgment that is the subject of the appeal. Likewise, Gardner's Civil Case Information Statement filed in this court does not identify the order or judgment from which she is appealing, nor does it list the date of any challenged order or judgment. The instructions on the Civil Case Information Sheet direct the appellant to attach "a copy of the judgment or order being appealed" to the form. Gardner attached a copy of the voluntary dismissal entered by the trial court to her Civil Case Information Statement.

## DISCUSSION

A party has standing to appeal only if the party is legally aggrieved by an appealable order. (See Code Civ. Proc., § 902, 904.1.) The voluntary dismissal of an action against a defendant is not an appealable order. (*H.D. Arnaiz, Ltd. v. County of San*

---

[1]At Fannie Mae's request, we take judicial notice of pleadings filed in the bankruptcy action commenced by Gardner. (Evid. Code, §§ 452, subd. (d), 459.)

2

*Joaquin* (2002) 96 Cal.App.4th 1357, 1364–1365; *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 170.)

Here, Gardner purports to appeal from a voluntary dismissal of the judicial foreclosure complaint. Because a voluntary dismissal of an action is not an appealable order, the appeal is subject to dismissal.

Insofar as Gardner claims she is challenging the nonjudicial foreclosure sale of the property, she does not have standing to object to the sale in this forum. The complaint in this action was one for judicial foreclosure. Fannie Mae instead pursued a nonjudicial foreclosure and subsequently dismissed its complaint seeking a judicial foreclosure. Gardner did not file a cross-complaint in this case challenging the nonjudicial foreclosure or otherwise asserting the claims she now makes on appeal. Instead, she challenged the nonjudicial foreclosure in the bankruptcy proceeding by filing an adversary complaint that was later dismissed by the bankruptcy court. The mere fact that Fannie Mae filed a judicial foreclosure complaint that it later voluntarily dismissed does not give Gardner any standing to object to the nonjudicial foreclosure.

In any event, there is no legal basis for Gardner's objection to the nonjudicial foreclosure sale. Her claim is that Fannie Mae could not seek "two contradictory actions" by pursuing a judicial foreclosure at the same time it sought a nonjudicial foreclosure. Code of Civil Procedure section 726 provides that there can only be one form of action for the recovery of any debt or the enforcement of any right secured by a deed of trust. (Code Civ. Proc., § 726, subd. (a).) However, there was no violation of that section here because Fannie Mae never received a judgment on its claim for judicial foreclosure. Rather, the case was voluntarily dismissed after the completion of the nonjudicial foreclosure sale. The law is clear that the beneficiary of a deed of trust can pursue both remedies—judicial foreclosure and nonjudicial foreclosure—as long as the beneficiary ultimately secures only one of the available remedies. (*Vlahovich v. Cruz* (1989) 213 Cal.App.3d 317, 322.) Thus, the filing of an action for judicial foreclosure did not preclude Fannie Mae from pursuing a nonjudicial foreclosure.

Finally, to the extent that Gardner may claim that she is challenging the April 2013 order discharging the appointed receiver and approving a final accounting, she did not identify that order in her notice of appeal or in her Civil Case Information Statement. "We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Consequently, we lack jurisdiction to consider any challenge to that order. Further, Gardner has failed to present any cognizable legal argument as to why the order should be overturned. As a consequence, even if we had jurisdiction to consider the issue we would treat it as waived. (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 821.)

## DISPOSITION

The appeal is dismissed. Fannie Mae shall be entitled to recover its costs on appeal.

4

_____
McGuiness, P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.