[No. G000918. Fourth Dist., Div. Three. July 16, 1985.]

W. SCOTT BIDDLE et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
WILLIAM P. PAULSON et al., Real Parties in Interest.

COUNSEL

Behrens, Recht, Finley & Hanley and Janet R. Morningstar for Petitioners.

No appearance for Respondent.

Prendiville & Passante and Anthony J. Passante for Real Parties in Interest.

OPINION

WALLIN, J.—Petitioners W. Scott Biddle and Edward D. Lohrbach seek a writ of mandate compelling the trial court to set aside its order expunging the lis pendens recorded against the Paulson's real property. The question presented is whether the trial court abused its discretion by expunging a lis pendens for a technical defect in service, although the property owners had actual notice and had failed to raise the defect in two prior motions to expunge.

Petitioners filed a complaint in superior court against William and Frances Paulson to recover payment on a note and to impose a constructive trust on

certain real property they had sold to the Paulsons. At the same time they recorded a lis pendens against the real property and mailed a copy to the Paulsons at their business address by first class mail. A copy was not sent to their residence nor was it mailed return receipt requested.

Within five days after notice was mailed, the Paulsons filed a motion to expunge the lis pendens under section 409.1 of the Code of Civil Procedure, which was subsequently denied. One week later, the Paulsons made a second motion to expunge, this time under Code of Civil Procedure section 409.2. The motion to expunge was granted on the condition the Paulsons post a $100,000 bond. They never did.

Thereafter, the Paulsons quitclaimed their entire interest in the property to Franland, Incorporated. Several months later, William, as president of Franland, again quitclaimed the property in exchange for stock, to Aceland, Incorporated. At that time, William, as president of "Aceland, Incorporated, aka Franland, Incorporated" filed a voluntary petition in bankruptcy. The corporation's only listed asset is the subject property.

A year after the lis pendens was recorded, the Paulsons brought yet a third motion to expunge, this time alleging petitioners had not complied with the notice and service requirements of what is now Code of Civil Procedure section 409 subdivision (c)[1] by failing to send notice to their residence and to request a return receipt. On that basis, the trial court granted the motion to expunge.

The Paulsons rely on the following language of subdivision (d): "Any notice of the pendency of the action . . . shall be void and invalid as to any adverse party or owner of record, unless the requirements of subdivision (c) are met . . . ." Subdivision (c) requires the person recording the lis pendens to serve a copy of the notice by first class mail, return receipt requested and mail the notice to all known addresses of adverse parties and owners of record. Hence, they claim the trial court properly expunged a lis pendens which by statute was void and invalid. Their argument ignores both the obvious purpose of the statute and their delay in raising the defect.

The notice requirement is intended to assure that property owners receive prompt notice of the recording of a lis pendens. No plaintiff has the right to ambush a property owner by surreptitiously recording a lis pendens. In this case, however, petitioners substantially complied with the service requirement and unquestionably conveyed prompt actual notice to the Paulsons, thereby satisfying the purpose of the statute. In construing section 409

---

[1] All further references are to section 409 of the Code of Civil Procedure.

we must not "become immersed in the various aspects of statutory construction and lose sight of the overall objectives of the statutes." (*Kendall-Brief Co.* v. *Superior Court* (1976) 60 Cal.App.3d 462, 468 [131 Cal.Rptr. 515].) Since actual notice is the heart of subdivisions (c) and (d), slavish adherence to the technical requirements of service would defeat the overall legislative objective.

The Paulsons have never disputed receipt of notice. Moreover, they brought two motions to attack the substantive validity of the lis pendens without mentioning the defects in service. Only after these efforts had failed, the property was transferred, and the Paulsons filed bankruptcy, did they raise the defect in their third motion to expunge. On these facts not only was the purpose of the notice statute served; but the Paulsons waived any service defects by waiting more than a year to assert them. (See, e.g., *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 930 [119 Cal.Rptr. 835]; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 90]; *Chapman* v. *Gipson* (1951) 103 Cal.App.2d 585, 587 [229 P.2d 834]; *Otsuka* v. *Balangue* (1949) 92 Cal.App.2d 788, 791 [208 P.2d 65].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order granting the motion to expunge, and to enter a new order denying the same motion. The alternative writ is discharged. Petitioners are entitled to costs of this proceeding.

Sonenshine, Acting P. J., and Crosby, J., concurred.