Filed 7/14/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| J.A. CARR, | |
| Plaintiff and Appellant, | E060166 |
| v. | (Super.Ct.No. RIC1112993) |
| RONALD A. ROSIEN et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Gloria Trask, Judge. Affirmed.

Simoneaux Law Firm and Maggie R. Simoneaux-Cuaso for Plaintiff and Appellant.

John Clark Brown, Jr. for Defendants and Respondents.

1

John Carr filed a prior quiet title action against Earnest Ortiz and Anna Colón. In connection with that action, he recorded a lis pendens. However, he did not mail the lis pendens to either Ortiz or Colón; instead, he filed a declaration that their addresses were unknown. He also did not examine the county assessor's roll, which would have shown that Ortiz and Colón had a mailing address in Oceanside.

While the prior action was pending, a deed was recorded transferring Colón's half of the property to Michael Lopez; also, a deed of trust was recorded encumbering what was now Lopez's half of the property to secure a loan from Rondo Resources, Inc. (Rondo). Thereafter, Carr won a judgment in the prior action, quieting title in him as against Ortiz and Colón.

Carr then brought this new quiet title action against Lopez and Rondo (plus the principal in Rondo). Ortiz and Colón are not parties; under the judgment in the prior action, they no longer have any interest in the property. Moreover, there is no dispute over Ortiz's former half of the property; under the judgment in the prior action, Carr owns that half. Rather, the present dispute is over Colón's former half of the property. Lopez and Rondo both argue that the lis pendens was void because it was not mailed to Colón's address, as shown on the assessor's roll. Carr argues that he did not have to mail the lis pendens to the address on the assessor's roll because that address was not valid and the lis pendens would not actually have reached Colón.

We will hold that, under the applicable statutes, the lis pendens had to be mailed to Colón's address as shown on the assessor's roll, regardless of whether that address was

actually valid; because this was not done, the lis pendens is void, not only as against Colón, but also as against Lopez and Rondo.

I

FACTUAL BACKGROUND

The property at issue is a vacant lot on Rorimer Drive in Riverside known as lot 122. Carr claims to have been in adverse possession of lot 122 since March 8, 2001.

As of March 8, 2001, the owner of record of lot 122 was a decedent's estate in probate. On July 16, 2003, a judgment was recorded transferring lot 122 from the estate, half to Ortiz and half to Colón.

On or about March 5, 2004, Colón executed a deed purporting to convey her half of lot 122 to Lopez. However, the deed was not immediately recorded.

On May 12, 2006, Carr filed a quiet title action against Ortiz and Colón (but not against Lopez, as Lopez's deed had not yet been recorded).

On May 18, 2006, Carr recorded a lis pendens against lot 122. The lis pendens was not mailed to anybody. Instead, Carr's attorney attached his own declaration to the effect that Ortiz and Colón had no known address.

As of May 18, 2006, the latest county assessment roll listed Ortiz and Colón as the owners of lot 122, with the address of:

"c/o Raymond Gaitan

"P.O. Box 2224

"Oceanside, CA 92054" (Capitalization altered.)

3

On June 1, 2006, a legal assistant in Carr's attorney's office contacted Gaitan, because Gaitan had represented Ortiz and Colón in the probate proceeding, and asked him to accept service. Gaitan declined, saying he no longer represented Ortiz and Colón.[1] "He either did not have or would not provide . . . a current address for either of them."[2]

On October 13, 2006, the deed to Lopez was finally recorded.

On November 15, 2006, the summons and complaint (but not the lis pendens) in the prior action were personally served on Colón in Arizona.

On August 29, 2007, Lopez executed a deed of trust on lot 122 in favor of Rondo. Rondo gave Lopez value in exchange for the deed of trust. Rondo inspected lot 122, but found no indication that anyone other than Lopez had or claimed an interest in it.

On October 3, 2007, the trust deed to Rondo was recorded.

On December 15, 2010, the trial court in the prior action entered judgment quieting title to lot 122 in favor of Carr, as against Ortiz, Colón, and (purportedly) Lopez. Lopez, however, had never been made a party to the prior action.

---

[1] There is no evidence that Carr (or anyone acting on his behalf) ever checked the assessment roll. Carr testified that he probably determined that Ortiz and Colón were the record owners by having a title search done. The legal assistant testified that she probably got Gaitan's contact information from the State Bar website.

[2] Carr asserts that Gaitan "had no forwarding address" for Ortiz and Colón. The record, however, merely indicates that Gaitan declined to provide the address; it does not indicate the reason.

4

PROCEDURAL BACKGROUND

Carr filed this action in 2011. The named defendants are Lopez, Rondo, and Ronald Rosien.[3] The complaint asserted a cause of action to quiet title, along with causes of action for slander of title, cancellation of written instrument, intentional interference with prospective economic advantage, intentional interference with contract, and declaratory relief.

After a bench trial, the trial court ruled against Carr and in favor of all defendants. It explained: "The Court finds that Plaintiff Carr's Quiet Title Judgment does not bind Lopez because the Lis Pendens was void. The Court further finds that Plaintiff Carr has not met his burden of proof on the remaining causes of action." It entered judgment accordingly.

A.    *General Legal Principles*.

"'In California, a notice of lis pendens gives constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. [Citation.] Any taker of a subsequently created interest in that property takes his interest subject to the outcome of that litigation.'" (*Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 910-911.) A lis pendens *may* be filed in any action in which a real

---

[3]    Rosien is the principal in Rondo. Because any claim he may have to lot 122 is derivative of Rondo's, we will disregard his separate status. (See *Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 931, fn. 1.)

property claim is alleged. (Code Civ. Proc., § 405.20.) However, a lis pendens *must* be filed in a quiet title action. (Code Civ. Proc., § 761.010, subd. (b).)

Code of Civil Procedure section 405.22 (section 405.22) provides that, before recording a lis pendens, the claimant must "cause a copy of the notice to be mailed, by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required."

Code of Civil Procedure section 405.23 (section 405.23) then provides that "[a]ny notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner . . . ."

The effect of a lis pendens in a quiet title action is subject to special statutory rules. (See generally 5 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 11:147 at pp. 11-449-11-451.) First, Civil Procedure section 764.030 (section 764.030) provides:

"The judgment in [a quiet title] action is binding and conclusive on all of the following persons . . . :

6

"(a) All persons known and unknown who were parties to the action and who have any claim to the property, whether present or future, vested or contingent, legal or equitable, several or undivided.

"(b) Except as provided in Section 764.045, all persons who were not parties to the action and who have any claim to the property which was not of record at the time the lis pendens was filed . . . ." (Code Civ. Proc., § 764.030.)

Next, Civil Procedure section 764.045 (section 764.045) provides:

"[T]he judgment [in a quiet title action] does not affect a claim in the property . . . of any person who was not a party to the action if any of the following conditions is satisfied:

"(a) The claim was of record at the time the lis pendens was filed . . . .

"(b) The claim was actually known to the plaintiff or would have been reasonably apparent from an inspection of the property at the time the lis pendens was filed . . . ."

We apply dual standards of review. "'If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence. [Citations.]' [Citation.] '"[W]e must consider the evidence in the light most favorable to the prevailing party, giving such party the benefit of every reasonable inference, and resolving all conflicts in support of the judgment. [Citation.]" [Citation.]' [Citation.]" (*Chino Commercial Bank, N.A. v. Peters* (2010) 190 Cal.App.4th 1163, 1169-1170, [Fourth Dist., Div. Two].) However, "[t]he interpretation of a statute and its application to undisputed facts are questions of

7

law subject to de novo review.  [Citation.]"  (*Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899,  917 [Fourth Dist., Div. Two].)

We will discuss the application of these principles first to Colón, and then to Lopez and Rondo.

B.     *Carr Versus Colón*.

In 1851, the Legislature enacted section 27 of the California Practice Act, which provided for a lis pendens.  (Stats. 1851, ch. 5, § 27, p. 5.)  Under this section, a lis pendens was fully effective when it was recorded.  (*Ibid.*)  In 1872, this section was replaced by Code of Civil Procedure former section 409 (section 409), which likewise provided that a lis pendens was fully effective when recorded.

In 1981, however, the Legislature amended section 409 so as to provide for the first time that the lis pendens must be mailed to "to all known addresses of the adverse parties and to all owners of record as shown by the latest county assessment roll," and if this is not done, the lis pendens is "void and invalid as to" the relevant adverse party or owner of record.  (Stats. 1981, ch. 889, § 1, pp. 3400-3401.)

Finally, in 1992, the Legislature repealed section 409 and replaced it with sections 405.22 and 405.23.  (Stats. 1992, ch. 883, §§ 1-2, p. 4100-4101.)  However, the mailing requirement — and the penalty for failing to comply with it — remained unchanged.

The parties have not called our attention to any legislative intent material relevant to the mailing requirement.  However, it seems reasonable to conclude that the mailing requirement is intended to make sure that all owners of the property, and all adverse

parties claiming an interest in the property, are aware of the lis pendens. This, in turn, serves two purposes. First, if there are grounds for expungement of the lis pendens, it enables such persons to file a motion to expunge. (See Cal. Lis Pendens Practice (Cont.Ed.Bar 2d ed. 2001) § 2.31, p. 69.) Second, even if there are no grounds for expungement, it enables such persons to take the lis pendens into account; for example, absent the requisite notice, an owner might negotiate a deal to sell the property to third parties, only to see it fall apart when the lis pendens is discovered.

Here, Colón's address was listed on the assessment roll. Nevertheless, Carr's counsel did not mail the lis pendens to that address. Instead, he submitted a declaration stating that Colón's address was unknown. We do not believe this satisfies the mailing requirement. Admittedly, the statute does not *expressly* require mailing to the *address* shown on the assessment roll. It also does not *expressly* require the claimant to make any particular efforts to discover an owner's address. It allows the claimant, in lieu of mailing, to file a declaration that "there is no known address for service on an adverse party *or owner* . . . ." (Code Civ. Proc., § 405.22, italics added.)

Even so, the statute evidently anticipates that the claimant will check the assessment roll, rather than face the risk of lurking owners. According to the leading treatise on California lis pendens practice, "the statute requires resort to the assessor's roll to determine the identity as well as the addresses of record owners. Accordingly, the title information obtained in connection with preparation of a lis pendens [citation] must include a search of the assessor's roll to ensure compliance with CCP § 405.22 . . . ."

9

(See Cal. Lis Pendens Practice (Cont.Ed.Bar 2d ed. 2001) § 2.31, pp. 68-69.) Once the claimant does check the assessment roll, the owners' addresses, as listed therein, become "known." It is possible for an owner's address not to be listed in the assessment roll because it is unknown *to the assessor*. (See Rev. & Tax. Code, § 602, subd. (a).) Then — and only then — the claimant can satisfy its obligation to mail the lis pendens to that owner by submitting a declaration that the owner has no known address.

Carr does not seriously dispute this. He argues, however, that the address on the assessment roll was incorrect,[4] so that mail sent to that address would not have reached Gaitan. He also argues that Gaitan no longer represented Colón and had refused to help locate her; thus, even if the lis pendens had reached Gaitan, it would not have reached Colón. However, we can never know for certain, precisely because Carr never tried. Perhaps it would have been forwarded to Gaitan, and perhaps Gaitan would have forwarded it to his former client.[5] In any event, the statute makes no exception for cases

---

[4] There was no evidence of this below. However, Lopez and Rondo concede that "the Assessor's roll incorrectly listed Mr. Gaitan's address in Oceanside rather than Orange . . . ."

[5] In his reply brief, Carr also asserts that the address on the assessor's roll was *his* address, so that the lis pendens would have gone to *him*. While there was some evidence of this, the trial court was not required to accept it.

Carr's complaint in the prior action alleged that he had posted signs on lot 122 saying, "OWNER: JOHN CARR, P.O. BOX 2224 OCEANSIDE, CA 92051." Because the complaint was verified, and because it was admitted as an exhibit in this action, Carr argues that this is proof that the address belonged to him.

The complaint, however, was offered and admitted to show that the prior action had, in fact, been filed. As evidence of the truth of its assertions, it was inadmissible

*[footnote continued on next page]*

in which the address on the assessor's roll is incorrect.  This favors the claimant, by giving it a safe harbor:  all it has to do is mail the lis pendens to the address shown on the assessor's roll; it does not have to make sure the address is valid.  If a properly addressed lis pendens is returned as undeliverable, that is not the claimant's problem.

Carr also relies on *Biddle v. Superior Court* (1985) 170 Cal.App.3d 135.  The Code Comment to section 405.23 states:  "It is not the intention of this section to disapprove the principles of waiver applied in *Biddle* . . . ."  (Cal. Lis Pendens Practice (Cont.Ed.Bar 2d ed. 2001) Code Comments, p. 200; see also 14A West's Annot. Code Civ. Proc. (2004 ed.) foll. § 405.23, p. 332.)

In *Biddle*, the plaintiffs mailed the lis pendens to one of the defendants' two known addresses, but not the other; they also failed to send it return receipt requested.  The defendants filed two successive motions to expunge (one denied, and one granted on condition that they file a bond, which they did not do).  The defendants then transferred the property to a related entity, which filed for bankruptcy.  A year after the lis pendens was recorded, the defendants filed a third motion to expunge; in it, they argued, for the first time, that the lis pendens was void and invalid because it had not been properly mailed.  (*Biddle v. Superior Court*, *supra*, 170 Cal.App.3d at p. 137.)

---

*[footnote continued from previous page]*
hearsay.  (Evid. Code, § 1200, subd. (b); see also Evid. Code, §§ 1235, 1291, subd. (a).)  The sign was a second level of inadmissible hearsay.  (Evid. Code, § 1201.)  Finally, we also note that the zip code on the sign (92051) was different from the zip code in the assessor's roll (92054).

11

The appellate court held that the third motion should have been denied. It explained:

"The notice requirement is intended to assure that property owners receive prompt notice of the recording of a lis pendens. No plaintiff has the right to ambush a property owner by surreptitiously recording a lis pendens. In this case, however, petitioners substantially complied with the service requirement and unquestionably conveyed prompt actual notice to the [defendants], thereby satisfying the purpose of the statute. . . . [W]e must not 'become immersed in the various aspects of statutory construction and lose sight of the overall objectives of the statutes.' [Citation.] Since actual notice is the heart of [the mailing requirement], slavish adherence to the technical requirements of service would defeat the overall legislative objective.

"The [defendants] have never disputed receipt of notice. Moreover, they brought two motions to attack the substantive validity of the lis pendens without mentioning the defects in service. Only after these efforts had failed, the property was transferred, and the [defendants] filed bankruptcy, did they raise the defect in their third motion to expunge. On these facts not only was the purpose of the notice statute served, but the [defendants] waived any service defects by waiting more than a year to assert them. [Citations.]" (*Biddle v. Superior Court*, *supra*, 170 Cal.App.3d at pp. 137-138.)

In sum, then, the reasoning in *Biddle* had two prongs: First, the plaintiffs substantially complied with the mailing requirement; and second, the defendants waived any defects. The Code Comment refers only to the waiver aspect of *Biddle*. Thus, there

is some doubt as to whether the Legislature also intended to preserve its substantial compliance aspect. (See Cal. Lis Pendens Practice (Cont.Ed.Bar 2d ed. 2001) § 2.31, p. 70.)

We need not decide this point. Even assuming that substantial compliance with section 405.22 remains sufficient, Carr did not substantially comply. "'Substantial compliance . . . means actual compliance in respect to the substance essential to every reasonable objective of the statute.' [Citation.]" (*ABBA Rubber Co. v. Seaquist* (1991) 235 Cal.App.3d 1, 12 [Fourth Dist., Div. Two].) "Substantial compliance contemplates that there is at least some compliance with all of the statutory requirements. [Citation.]" (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 769 [Fourth Dist., Div. Two].) Here, Carr did not mail the lis pendens to Colón at any address, and there is no evidence that Colón ever received it.

Carr points out that Colón did get actual notice of the prior action, because it was served on her on November 15, 2006. However, this occurred after October 13, 2006, when Colón's deed to Lopez was recorded.

We therefore conclude that the lis pendens was void as to Colón.

C. *Carr Versus Lopez and Rondo*.

When we look at the statutes governing the effect of a quiet title judgment — sections 764.030 and 764.045 — in isolation, it would appear that Carr has priority over

13

Lopez. Lopez was not a party to the prior action.[6] The lis pendens was recorded on May 18, 2006; Lopez's deed was recorded on October 13, 2006. Thus, when the lis pendens was filed, Lopez's claim was not yet of record. Accordingly, the judgment in the quiet title action should be binding on Lopez.

The trial court reasoned that the lis pendens was "void." Actually, section 405.23 provides that a lis pendens that is not properly mailed to an adverse party or an owner of record is "void and invalid *as to [that] adverse party or owner of record . . . .*" (Italics added.) Colón was both an adverse party and an owner of record when the lis pendens was recorded, but Lopez was neither. Does the fact that the lis pendens was void "as to" Colón mean that it was also void "as to" Lopez? Or are sections 764.030 and 764.045, standing alone, controlling?

To answer this, we turn to general principles of priority. "The interest of a bona fide purchaser . . . would be of little value and unmarketable if it were subject to a prior claim that is not enforceable against the bona fide purchaser but it becomes enforceable against his or her transferee. Therefore, a title or lien held by a bona fide purchaser . . . can be conveyed to a grantee or assignee free and clear of a prior unknown interest even

---

[6]     The judgment in the prior action purported to quiet title in Carr as against "defendants" Ortiz, Colón, and Lopez. However, the record demonstrates that Carr never named Lopez in the complaint, Carr never filed a proof of service on Lopez, and Lopez never made a general appearance. Carr seems to believe that merely including Lopez's name in the judgment was sufficient to make the judgment binding on him. However, he has forfeited any such contention by failing to support it with reasoned argument and citation of authority. (*AmeriGas Propane, L.P. v. Landstar Ranger, Inc.* (2010) 184 Cal.App.4th 981, 1001, fn. 4 [Fourth Dist., Div. Two].)

14

if the grantee or assignee does not fulfill the requirements of a bona fide purchaser . . . ." (5 Miller & Starr, *supra*, § 11:52 at pp. 11-189-11-190, fns. omitted; e.g., *Jones v. Independent Title Co.* (1944) 23 Cal.2d 859, 861; *Rose v. Knapp* (1957) 153 Cal.App.2d 379, 386.) Here, similarly, the fact that the lis pendens is "void . . . as to" Colón would be cold comfort if it nevertheless prevented Colón from conveying good title to third parties. We therefore conclude that a lis pendens that is void as to one owner is also void as to that owner's transferees. Thus, the deed to Lopez has priority over Carr's lis pendens. For the same reasons, the trust deed to Rondo also has priority.

> D. *Carr's Remaining Arguments*.

Carr also contends that, even if the lis pendens was void, it continued to provide constructive notice to Lopez and Rondo unless and until it was expunged. The Legislature, however, chose to provide that a lis pendens that is not properly mailed is "void." There is a firmly established distinction between "void" and "voidable." (E.g., *Marvin v. Marvin* (1976) 18 Cal.3d 660, 673.) Evidently the Legislature intended a lis pendens that is not properly mailed to be void *ab initio*, without the need for any further action.

Significantly, the expungement statutes provide that a lis pendens may be expunged on three grounds: (1) "the pleading on which the notice is based does not contain a real property claim" (Code Civ. Proc., § 405.31); (2) "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim" (Code Civ. Proc., § 405.32); or (3) "adequate relief can be secured to the claimant

15

by the giving of an undertaking" (Code Civ. Proc., § 405.33).  They do *not* provide that it may be expunged if it is void for lack of compliance with the mailing requirement. Admittedly, it has been held that noncompliance with the mailing requirement is a fourth, nonstatutory ground for expungement.  (*McKnight v. Superior Court* (1985) 170 Cal.App.3d 291, 303.)  Nevertheless, the failure to provide for expungement explicitly, by statute, strengthens our conclusion that the Legislature did not intend to *require* that a void lis pendens be expunged.

We also note that, if a lis pendens is mailed to one owner but not to another, it is void as to the former but not as to the latter.  In that situation, it would be unfair to let the owner who did not receive notice expunge the lis pendens, so as to render it unenforceable against the owner who did receive notice.  At the same time, however, it would be unfair if it remained enforceable against the owner who did not receive notice merely because it was not expunged.

Accordingly, here, the lis pendens is void, even though it has never been expunged.

III

DISPOSITION

The judgment is affirmed. Lopez, Rosien, and Rondo are awarded costs on appeal against Carr.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

17