Filed 1/6/16; pub. order 1/26/16 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| REY SANCHEZ INVESTMENTS, | |
| Petitioner, | E063757 |
| v. | (Super.Ct.No. CIVDS1403591) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| PCH ENTERPRISES, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Bryan Foster, Judge. Petition granted.

Law Offices of Mary Jean Pedneau, Mary Jean Pedneau and William R. Larr for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

After reviewing the petition for writ of mandate, we requested a response from real party in interest. It declined to file one. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

### FACTUAL AND PROCEDURAL HISTORY

On March 28, 2014, real party in interest sued Sallie J. Cribley-Cole and Anna Gonzalez (defendants) for breach of contract, specific performance, and declaratory relief.[1] It alleged defendants failed to perform on a written agreement to sell a certain parcel of real property (subject property) to real party in interest. Real party in interest recorded a lis pendens on the same day it filed the complaint. No proof of service accompanied the lis pendens.

On March 2, 2015, petitioner sought leave to intervene in the action. The trial court granted the request on March 18, 2015. The complaint in intervention alleged that petitioner was the true owner of the subject property pursuant to a grant deed that was recorded on April 2, 2014.

---

[1] Defendants are not a party to this writ proceeding.

Petitioner moved to expunge the lis pendens on March 25, 2015. Relying on Code of Civil Procedure section 405.23,[2] it argued the lis pendens was completely void due to invalid service.

Real party in interest filed a written opposition citing *Biddle v. Superior Court* (1985) 170 Cal.App.3d 135 (*Biddle*), for the proposition that a trial court should not grant a motion to expunge on grounds that there were technical defects in service if the defendant has actual notice, and that the failure to timely raise issues about service of a lis pendens waives the right to expungement due to improper service. Real party in interest offered a proof of service indicating the lis pendens was personally served on Cribley-Cole on November 7, 2014. To support the assertion that petitioner waived the service defects raised in the motion to expunge, real party in interest offered a declaration from its counsel, who attested to having received a demand letter about the lis pendens from an agent of petitioner on January 6, 2015.

The trial court denied the motion to expunge on May 26, 2015. The minute order states: "[Petitioner] had actual notice and waived defects in service by waiting more than six months to file [a] motion to expunge. Pursuant to Biddle v. Superior Court[, *supra*,] 170 Cal.App.3d 135 such service irregularities are insufficient to void the lis pendens."

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

ANALYSIS

Petitioner argues the lis pendens is completely void and therefore subject to expungement because service was improper.  It also contends no undue delay in seeking expungement occurred.  We agree.

A petition for writ of mandate is the exclusive means of obtaining review of an order granting or denying a motion to expunge a lis pendens.  (§ 405.39.)  In adjudicating this petition, "We apply dual standards of review.  ' "If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence.  [Citations.]" [Citation.] " '[W]e must consider the evidence in the light most favorable to the prevailing party, giving such party the benefit of every reasonable inference, and resolving all conflicts in support of the judgment.  [Citation.]' [Citation.]" [Citation.]' (*Chino Commercial Bank, N.A. v. Peters* (2010) 190 Cal.App.4th 1163, 1169-1170 [Fourth Dist., Div. Two].)  However, '[t]he interpretation of a statute and its application to undisputed facts are questions of law subject to de novo review.  [Citation.]' (*Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899, 917 [Fourth Dist., Div. Two].)" (*Carr v. Rosien* (2015) 238 Cal.App.4th 845, 852 (Carr) [Fourth Dist., Div. Two].)

" 'In California, a notice of lis pendens gives constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice.  [Citation.]  Any taker of a subsequently created interest in that property takes his interest subject to the outcome of that litigation.' " (*Campbell v. Superior Court* (2005) 132

4

Cal.App.4th 904, 910-911.) If an action asserts a "real property claim," any party to the action may record a lis pendens. (§ 405.20.)

A "court shall order" expungement of a lis pendens if the pleading on which the lis pendens is based does not state a real property claim, if the claimant fails to establish the probable validity of the claim on which the lis pendens is based, or if the giving of an undertaking would secure adequate relief to the claimant. (§§ 405.31, 405.32, 405.33.) A nonstatutory ground also exists, such that a party alleging a lis pendens is "void and invalid" (§ 405.23) for defective service may move for expungement on that basis. (*McKnight v. Superior Court* (1985) 170 Cal.App.3d 291, 303 (*McKnight*); cf. *Carr, supra*, 238 Cal.App.4th at p. 857 [noting holding in McKnight but concluding such a motion is not required before a lis pendens that was not validly served may be deemed void].)

The motion at issue on this petition relied on section 405.23, which reads in full: "Any notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action." Section 405.22, in turn, requires the claimant filing a lis pendens to serve "the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll" by registered or certified mail, return receipt requested, at all known addresses. If the county assessor lacks a known

5

address for a party or owner, the claimant may file a declaration to that effect in lieu of the mailing that would otherwise be required. (§ 405.22; *Carr*, *supra*, 238 Cal.App.4th at p. 852.) Section 405.22 further provides: "Service shall also be made immediately and in the same manner upon each adverse party later joined in the action."

Petitioner has shown the lis pendens real party in interest recorded is "void and invalid" as to it. (§ 405.23.) First, no proof of service was recorded with the lis pendens. Second, noncompliance with section 405.22 occurred because, once petitioner became a party to the action, service "in the same manner" as section 405.22 prescribes when a lis pendens is first recorded was not "made immediately" on petitioner. (§ 405.22.)

In *Carr*, we noted that unfairness might result if a lis pendens that was valid as to one party were expunged because of invalidity as to another party. (*Carr*, *supra*, 238 Cal.App.4th at p. 857.) However, the holding of *Carr* was that a lis pendens that is "void and invalid" under section 405.23 does not need to be expunged in order for it to be void and invalid; that status exists *ab initio*. (*Ibid*.) This means defendants here were not obligated to move to expunge before the lis pendens, which provided no proof of service of any kind, can be deemed "void and invalid" as to them as well as to petitioner. (§ 405.23.)

Having found the lis pendens void as to petitioner and defendants, we next consider whether the principles announced in *Biddle*, which essentially created an exception to strict application of section 405.23 in some cases involving service defects, apply. There, the petitioners recorded a lis pendens, but served it defectively by not using

6

all of the defendants' known addresses and by failing to request a return receipt. (*Biddle*, *supra*, 170 Cal.App.3d at p. 137.) The defendants filed a motion to expunge the lis pendens under former section 409.1, which was denied. One week later, a second motion under former section 409.2 was granted, but the defendants failed to post the required bond. Thereafter, the defendants transferred their interest in the property to a related company, which declared bankruptcy. (*Ibid*.) One year after recordation of the lis pendens, the defendants filed a third motion raising the defect in service. The trial court ordered the lis pendens expunged. (*Ibid*.)

The reviewing court issued a writ of mandate requiring the trial court to deny the third motion to expunge. (*Biddle*, *supra*, 170 Cal.App.3d at p. 138.) As we explained in *Carr*, "the reasoning in *Biddle* had two prongs: First, the plaintiffs substantially complied with the mailing requirement; and second, the defendants waived any defects." (*Carr*, *supra*, 238 Cal.App.4th at p. 855.) *Carr* noted the Legislature had explicitly approved of *Biddle*'s waiver principle, but not its substantial compliance principle. (*Ibid*; see official code comment, 14A West's Ann. Code Civ. Proc. (2004 ed.) foll. § 405.23, p. 332 ["It is not the intention of this section to disapprove the principles of waiver applied in *Biddle* . . . .].) While we continue to acknowledge this could be read as a rejection of the idea that substantial, rather than strict, compliance with section 405.22 might suffice to prevent a lis pendens from being declared "void and invalid" under section 405.23, we need not resolve this issue now, just as was true in *Carr*. (*Carr*, *supra*, 238 Cal.App.4th at p. 855.)

7

"Even assuming that substantial compliance with section 405.22 remains sufficient, [real party in interest] did not substantially comply." (*Carr*, *supra*, 238 Cal.App.4th at p. 855.) In fact, it made no effort at all to comply with section 405.22's service rules, as no proof of service of any kind accompanied the lis pendens. (See *Ibid*. [no substantial compliance by the plaintiff who "did not mail the lis pendens to [the defendant] at any address"; also, there was no evidence the defendant ever received it].)

For these reasons, real party in interest's noncompliance with section 405.22 means it cannot satisfy both prongs of the *Biddle* exception. As in *Carr*, we need look no further. (*Carr*, *supra*, 238 Cal.App.4th at p. 855.) Still, even considering the issue of delay on the merits, we find no evidence in the record supporting this as a ground for denying relief to petitioner.

We cannot discern on what the trial court relied when it found that "[Petitioner] had actual notice and waived defects in service by waiting more than six months to file [a] motion to expunge." The opposition real party in interest filed to petitioner's motion to expunge raised the issue of delay so that it could ask the trial court to invoke an exception to the rule that Code of Civil Procedure section 405.23 creates. In our view, real party in interest therefore bore the burden of proof on that issue. (See Evid. Code, § 500.) With respect to petitioner, the only evidence presented was that one of its agents contacted counsel for real party in interest about the lis pendens on January 6, 2015. This date is only 78 days from the date on which petitioner filed its motion to expunge. Nothing in *Biddle*, in which the defendants moving to expunge waited over a year to

8

contest service and did not do so until after transferring the real property to an insolvent entity they controlled (*Biddle*, *supra*, 170 Cal.App.3d at p. 137), supports a finding that 78 days of delay justifies refusing to expunge a lis pendens that is "void and invalid" under section 405.23.

We are once again mindful that adverse consequences might flow if we ordered the expungement of a lis pendens that is valid against the defendants just because it is invalid as to petitioner. However, the voidness of this lis pendens is so apparent that we could only find it invalid as to defendants if we invoked *Biddle*, and we cannot invoke *Biddle* on the record before us. Real party in interest's opposition to the motion to expunge showed that only one of the defendants was personally served with the lis pendens on November 7, 2014. Nothing in the record reflects service of any kind on defendant Gonzalez. Even as to defendant Cribley-Cole, we find no basis for applying the findings the trial court made to her. First, Cribley-Cole never asked the trial court to do anything with respect to the lis pendens. Petitioner filed the motion to expunge, and there is no indication Cribley-Cole joined in the request for judicial intervention. Second, the minute order denying the motion to expunge does not say that Cribley-Cole delayed six months before moving to expunge, but that "Plaintiff-in-Intervention, Rey Sanchez Investments" did. Finally, even if this statement about a six-month delay were meant to apply to Cribley-Cole, it cannot by its own terms. No one "wait[ed] more than six months to file [a] motion to expunge;" rather, petitioner filed one on March 25, 2015, or 138 days from service on defendant Cribley-Cole of the lis pendens on November 7,

9

2014. The trial court therefore has not made a factual finding about the extent of defendant Cribley-Cole's delay, and we will not do so in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate the order denying petitioner's motion to expunge lis pendens and instead enter an order granting that motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

MILLER
J.

10

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| REY SANCHEZ INVESTMENTS, | |
|     Petitioner, | E063757 |
| v. | (Super.Ct.No. CIVDS1403591) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | ORDER CERTIFYING OPINION FOR PUBLICATION |
|     Respondent; | |
| PCH ENTERPRISES, | |
|     Real Party in Interest. | |

THE COURT:

The request, filed January 19, 2016, for publication of a nonpublished opinion filed in the above matter on January 6, 2016, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c).

1

IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).


RAMIREZ
P. J.


We concur:

MILLER
J.


CODRINGTON
J.


2