Filed 6/13/25  Marriage of Richards CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of RYAL W. and ALICIA MARIE RICHARDS. | |
| RYAL W. RICHARDS, | G062449, G062744 |
| Respondent, | (Super. Ct. No. 15D009634) |
| v. | O P I N I O N |
| ALICIA MARIE RICHARDS, | |
| Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed. Motion to augment record granted. Request for judicial notice denied as moot. Motion concerning reporter's transcript denied.

Alicia Marie Richards, in pro. per., for Appellant.

Law Offices of Kevin E. Robinson and Kevin E. Robinson for Respondent.

This court is well acquainted with this marriage dissolution case. In this latest appeal, Alicia Marie Richards challenges the trial court's award of about $193,000 in attorney fees and costs in favor of her former husband, Ryal W. Richards.[1] She claims that neither the attorney fee provision in the dissolution judgment nor Family Code section 271 authorized the award. As to the attorney fee provision, she claims that portion of the judgment is void because she never agreed to it. Alternatively, Alicia claims the court's award improperly included appellate fees that were untimely requested. She contests other components of the award for various reasons.

We hold that Alicia may not collaterally challenge the dissolution judgment and its attorney fee provision through this appeal. Thus, we need not consider Alicia's contentions regarding Family Code section 271. As for appellate fees, we conclude the trial court implicitly and permissibly granted Ryal an extension of time to seek them. And we find Alicia's remaining challenges to the court's award forfeited. Accordingly, we affirm the court's order.

FACTS

I.

DISSOLUTION ACTION AND JUDGMENT

Ryal filed a petition for dissolution of the parties' marriage in 2015.[2] The parties filed a largely handwritten stipulation and order for judgment in 2017. The stipulation addressed issues including the disposition

---

[1] Because the parties share a last name, we will refer to them by their first names.

[2] We grant Alicia's April 2, 2024, motion to augment the record on appeal.

2

of the family residence. The trial court (Judge Linda Lancet Miller) accepted and signed the stipulation.

Alicia later moved to set aside the stipulation on grounds of fraud and duress, but in early 2018, the trial court denied her motion. (*In re Marriage of Richards* (Jan. 9, 2020, G055927) [nonpub. opn.] [affirming denial of motion to set aside].)

The court then entered a formal judgment in January 2018 based on Ryal's proposed judgment. The judgment specified terms "based on the handwritten [stipulation]." It included orders regarding the family residence, among other provisions. It also included an attorney fee provision, which stated, "If either party fails to perform any of his or her obligations under this Stipulated Judgment, and it thereby becomes necessary for the other to employ counsel and . . . to enforce or defend the same, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs . . . ."

We affirmed the order denying Alicia's motion to set aside. (*In re Marriage of Richards, supra*, G055927.) She then filed multiple unsuccessful appeals in connection with Ryal's efforts to enforce the judgment. (E.g., *In re Marriage of Richards* (Jan. 9, 2020, G056626) [nonpub. opn.]; *In re Marriage of Richards* (May 18, 2020, G056921, G057041) [nonpub. opn.]; *In re Marriage of Richards* (Oct. 6, 2020, G057803) [nonpub. opn.].) In October 2020, the trial court (Judge Andre De La Cruz) declared Alicia a vexatious litigant. (*In re Marriage of Richards* (May 4, 2023, G059762) [nonpub. opn.] [affirming order].)

II.

RYAL'S MOTION FOR ATTORNEY FEES

In December 2020, Ryal filed a motion for attorney fees and costs, seeking about $234,000 incurred in "defending th[e] Judgment" against

3

Alicia's litigation, including in related appeals, civil litigation, and Alicia's bankruptcy proceedings. His request included about $59,000 in fees and costs for defending against Alicia's appeals through November 2020. Ryal claimed the requested award was appropriate either as a sanction under Family Code section 271 or pursuant to the attorney fee provision in the dissolution judgment.

In an attached declaration, Ryal's counsel acknowledged that the request may have been untimely under California Rules of Court, rule 3.1702(c)(1) (all rule references are to the California Rules of Court), but urged the trial court to find good cause for an extension of time. Counsel explained: (1) he was unaware of the time limit before preparing the motion; (2) the COVID-19 pandemic, federal and appellate proceedings, and other circumstances created significant delays in this proceeding; and (3) he chose to wait until a sale of the family residence was imminent, as the expected proceeds were Alicia's only reasonable source of funds to pay any award.

The trial court's consideration of Ryal's motion was significantly delayed for reasons not apparent from the record. In January 2022, Alicia filed a responsive declaration opposing Ryal's motion. She argued that she was not subject to sanctions under Family Code section 271 and that counsel's billing was insufficiently specific. She also argued that the request for appellate fees and costs was untimely under rule 3.1702.

Shortly thereafter, the trial court (Judge Sheila Recio) held a multi-day hearing on Ryal's motion, at which both parties testified and

4

offered arguments.[3] The minute order stated: "Court read and considered Petitioner moving papers; Respondent Responsive Declaration . . . ."

III.

THE TRIAL COURT'S RULING

In January 2023, after taking the matter under submission, the trial court issued a written ruling granting Ryal's motion and awarding him about $193,000 in attorney fees and costs. The order stated that "[n]o written opposition was filed" but said the court had "considered the evidence and arguments presented by both sides."

After surveying Alicia's "frivolous and dilatory conduct" to impede the enforcement of the dissolution judgment, the trial court concluded the award was appropriate under both Family Code section 271 and the judgment's attorney fee provision. (Cleaned up.) The court noted that despite its repeated attempts to direct Alicia to address the reasonableness of the requested fees, she "persisted in focusing on the enforceability of the [j]udgment, which she repeatedly referred to as 'the void judgment.'" The court excluded about $18,000 in fees for civil litigation and about $15,000 in fees incurred before February 2018.

---

[3] We deny Alicia's motion for "an order ordering the court reporter . . . to transmit the reporter's transcripts" to this court. In her notice designating the record on appeal, Alicia checked the box choosing to proceed "WITHOUT a record of the oral proceedings . . . in the superior court." She did not check any of the boxes for proceeding with a record of the oral proceedings. We granted her numerous briefing extensions. Despite all this extra time, she did not file her motion until September 20, 2024—after Ryal filed his respondent's brief and 14 months after designating the record. Granting Alicia's motion would cause undue delay and prejudice to Ryal.

5

DISCUSSION

I.

ALICIA'S COLLATERAL ATTACK ON THE ATTORNEY FEES PROVISION IS BARRED

Alicia contends the dissolution judgment's attorney fee provision could not have authorized the trial court's award because it is void. She claims she never agreed to that provision and notes that it was not included in the parties' handwritten stipulation. To be sure, a stipulated judgment must conform exactly to the parties' stipulation. (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 792.) A party claiming that it does not so conform may directly challenge it on that ground before it becomes final on appeal. (*Id.* at pp. 782–783.)

But a party may not collaterally challenge a final judgment on that ground. "A judgment which does not conform to a stipulation may be reformed or contested on direct appeal but may not be collaterally attacked on [that] ground." (*Ellena v. State of California* (1977) 69 Cal.App.3d 245, 259.) "It is not permitted, in [a] proceeding for an order of modification, collaterally to attack the decree by evidence that it is not what it appears to be, or that it is not in accordance with the agreement of the parties." (*Gosnell v. Webb* (1943) 60 Cal.App.2d 1, 4.)

These cases are consistent with 150-year-old Supreme Court precedent. (*Hobbs v. Duff* (1872) 43 Cal. 485, 490 (*Hobbs*).) "If the judgment was not what it should have been, it can be reformed only in a direct

proceeding brought for that purpose. . . . it is not liable to a collateral attack on that ground."[4] (*Ibid.*)

Accordingly, Alicia may not challenge the long-final dissolution judgment in this attorney fees proceeding. It is undisputed that the judgment authorized an award of attorney fees and costs to the prevailing party and that Ryal was the prevailing party in all relevant proceedings.[5]

## II.

### RYAL'S REQUEST FOR APPELLATE FEES WAS NOT UNTIMELY

Alicia claims the trial court's award erroneously included appellate fees because Ryal's request for those fees was untimely under rule 3.1702. We conclude that the court permissibly granted Ryal an extension of time, rendering his motion timely.[6]

---

[4] To the extent *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 847–848 (*Jones*), held otherwise, it is contrary to established authority, and we decline to follow it. We observe that *Jones* did not cite *Hobbs* and has been criticized for "characterizing as 'jurisdictional' an error that clearly ought to be regarded as procedural" and thus not subject to collateral attack. (Rest.2d Judgments § 69, reporter's notes to com. b.)

[5] In her reply brief, Alicia suggests the trial court should not have awarded appellate costs for appeals in which this court ordered that the parties bear their own costs. She has forfeited this argument by failing to develop it in her opening brief. (*People v. Perrot* (2024) 107 Cal.App.5th 795, 806, fn. 5 [failure to raise issue in opening brief constitutes forfeiture].) Regardless, this court's orders on appellate costs concern entitlement to costs under rule 8.278, rather than any agreement by the parties.

[6] Alicia contends Ryal's request for appellate costs was similarly untimely under rule 3.1702. But that rule governs only appellate fees, not costs. Because she offers no argument specific to the timeliness of the costs request, we consider only the timeliness of Ryal's request for appellate fees. (*Carr v. Rosien* (2015) 238 Cal.App.4th 845, 856, fn. 6 [contention forfeited by failure to provide reasoned argument].)

Rule 3.1702 establishes the timing requirements for motions seeking attorney fees on appeal. For appellate fees in unlimited civil cases, rule 3.1702(c)(1), requires that a motion be filed within the time limit set by rule 8.278(c)(1) for filing a memorandum of costs awarded on appeal—40 days after issuance of the remittitur. However, rule 3.1702(d) authorizes the trial court to extend the time to file the attorney fee motion "[f]or good cause." When a trial court awards fees requested in an otherwise untimely motion, we may infer that it found good cause to extend the filing deadline. (See *Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 155 [addressing time to seek prejudgment costs under rule 3.1700].)

It is undisputed that Ryal did not file his motion for attorney fees within 40 days of the remittitur in the relevant appeals. For this reason, Ryal urged the trial court to grant an extension of time under rule 3.1702(d).[7] The trial court's award of appellate fees indicates it granted the necessary extension. (See *Cardinal Health 301, Inc. v. Tyco Electronics Corp., supra*, 169 Cal.App.4th at p. 155.)

Alicia appears to suggest the trial court granted no extension, asserting the court failed to consider her responsive declaration. Initially, we observe that while the court's written ruling mistakenly stated that "[n]o written opposition was filed," the court previously said at the hearing that it had read and considered this filing. We resolve any ambiguity by concluding the court was apprised of Alicia's timeliness objection. (*Jonkey v. Carignan Construction Co.* (2006) 139 Cal.App.4th 20, 25 ["we are required to draw all inferences in favor of the judgment, ruling, order or verdict"].) But even if the

---

[7] Alicia observes that Ryal never filed a separate motion for an extension of time, but nothing in rule 3.1702(d) requires a party to file such a motion before the trial court could grant an extension.

court had not considered Alicia's *objection*, Ryal's moving papers themselves raised the timeliness issue and urged the court to find good cause for an extension of time. It is undisputed that the court considered Ryal's moving papers, and it was therefore aware of the issue. Thus, we infer it granted the necessary extension.

Absent prejudice to the other party, the trial court has broad discretion to grant an extension of time under rule 3.1702(d) based on counsel's neglect. (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 327–328.) Alicia claims she was prejudiced by the late motion because she "did not file a motion to tax costs[,] thinking the matter was resolved." But Alicia did seek to wholly or partially disallow Ryal's request and participated in a multi-day hearing on the issue. We see no prejudice to Alicia and no abuse of the court's discretion. Accordingly, the court did not err in awarding Ryal appellate fees.

## III.

### ALICIA FORFEITED OTHER CHALLENGES TO THE COURT'S AWARD

Alicia additionally contends the trial court awarded improper sums, including: (1) fees and costs unrelated to the sale of the family residence; (2) fees and costs for proceedings in the bankruptcy court; (3) about $1,000 in fees related to work for which Ryal had previously received a fee award; and (4) about $80 for sharing the appellate record with her. She has forfeited her contentions in these regards by failing to properly raise them

9

below.[8] (See *In re Javier G.* (2006) 137 Cal.App.4th 453, 464 ["Generally, issues not raised in the trial court cannot be raised on appeal"].)

Alicia also contends the trial court miscalculated its award because it deducted the wrong amounts in excluding fees incurred before February 2018 and those incurred in civil litigation. She has forfeited this claim by failing to cite to the record in support of her calculations.[9] (*Helm v. City of Los Angeles* (2024) 101 Cal.App.5th 1219, 1228, fn. 5 ["It is not our role to scour the record to find evidence to support [appellant]'s contention"].) Accordingly, we find no reversible error.

---

[8] In her responsive declaration in the trial court, Alicia conclusorily asserted, amid her timeliness argument, that Ryal "requested attorney fees [in the bankruptcy court] and the bankruptcy court denied the request so it is res judicata." This bare assertion was insufficient to preserve the argument for review. (*Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 435–436 [conclusory two-sentence argument asserted in trial court was insufficient to preserve issue on appeal].)

[9] In her argument on fees relating to civil litigation, Alicia points to alleged examples of civil litigation costs and fees that were not identified as such. But even as to those few examples, she fails to provide support for her contention that they were related to civil litigation.

## DISPOSITION

The trial court's order is affirmed. Respondent is awarded his costs on appeal.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P.J.


DELANEY, J.