Filed 3/22/21  Lemke v. Wells Fargo Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| JOHN F. LEMKE, | C079415 |
| Plaintiff and Appellant, | (Super. Ct. No. 13CV39159) |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants and Respondents. | |

In 2006, plaintiff John F. Lemke borrowed $455,000 from defendant LoanCity, secured by a deed of trust on Lemke's residence located in Copperopolis, Calaveras County, California.  A little over six years later, the property was sold in a nonjudicial foreclosure to US Bank National Association (US Bank), as trustee for the entity who was then the note holder—Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-7 (Credit Suisse).  US Bank, as trustee for Credit Suisse, later sold the property to Henry and Julie Martinez.

1

Plaintiff brought this action alleging causes of action for cancellation of instruments, wrongful foreclosure, quasi-contract, accounting, slander of title, and violation of Business and Professions Code section 17200 et seq. The first amended complaint (complaint) does not dispute that plaintiff failed to pay the amounts owed, or that he never tendered the amount of the debt. Instead, plaintiff alleged he was not required to tender the amount owed because the note and deed of trust, as well as every document recorded in the foreclosure action, were void. The theory of plaintiff's case is that because the money he borrowed actually came from investors, LoanCity was not really the lender, thus the note and deed of trust did not represent the "true" lenders. For this and other reasons, every other instrument was void.

The trial court sustained defendants' demurrer without leave to amend on the grounds the complaint failed to state a cause of action and was uncertain. On appeal, plaintiff makes no argument that the trial court erred in sustaining the demurrer. Plaintiff's only arguments are that the trial court abused its discretion in denying leave to amend the complaint and in expunging the lis pendens. Because plaintiff's brief does not set forth the elements of his causes of action and demonstrate how he can amend his pleading to cure the deficiencies in the complaint, plaintiff has not satisfied his burden on appeal. Additionally, the order expunging the lis pendens is not appealable. We shall therefore affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's first amended complaint omits allegations describing the loan transaction that is the source of this action. We can ascertain from the exhibits to the complaint that in 2006 plaintiff borrowed the sum of $455,000 from LoanCity, secured by a deed of trust on a single family home located in Calaveras County. The original trustee was Sterling Title Company, and MERS (Mortgage Electronic Registration Systems, Inc.) was a nominee for the lender and the beneficiary under the deed of trust.

2

A little more than five years later, MERS assigned the deed of trust to US Bank, as trustee for Credit Suisse. One year after the assignment of the deed of trust, NDEx West, as agent for the beneficiary (MERS) recorded a notice of default, indicating plaintiff was behind on his payments in the amount of $36,886.15 as of May 1, 2012. Following the recording of the notice of default, Wells Fargo Bank N.A. (Wells Fargo), as agent for US Bank, recorded a substitution of trustee naming NDEx West as the trustee. NDEx West recorded a notice of trustee's sale, and later a trustee's deed upon sale to US Bank. When US Bank acquired the property, the unpaid debt plus costs was $447,259.40. The complaint does not allege tender, but instead alleges tender is not required for void sales.

Prior to plaintiff's commencement of this action, US Bank brought an unlawful detainer action, and obtained a judgment in January 2013. Thus, the record indicates by inference that plaintiff occupied the property for at least nine months without making payments on the loan. US Bank sold the property to Henry and Julie Martinez a few months later.

Plaintiff alleged, without any supporting facts, that Jason Brumm, who executed the assignment of the deed of trust to US Bank, was not authorized by MERS to execute documents, that NDEx West was not authorized to record the notice of trustee's sale or to conduct the sale, that US Bank was not the beneficiary under the deed of trust, and that as a result the sale was void because it was not conducted by the authorized parties. Plaintiff alleged that the Martinez's are not bona fide purchasers of the property because US Bank did not own the title to the property and did not actually receive any proceeds from the sale to the Martinez's.

All of plaintiff's causes of action stem from two primary theories: (1) the loan agreement was void because LoanCity was not the true lender since the loan's funds came from investors; and (2) the named defendants had no authority to foreclose, even though the recorded documents gave the appearance of validity.

3

Plaintiff's first cause of action was for cancellation of written instruments.  The instruments plaintiff seeks to cancel are:  (1) the deed of trust, (2) the assignment of the deed of trust, (3) the notice of default, (4) the substitution of trustee, (5) the notice of sale, and (6) the trust deed upon sale.  Plaintiff alleged the deed of trust is void because it does not represent the true parties to the transaction.  Plaintiff's theory is that LoanCity was not the true lender because it did not lend its own money.  Plaintiff alleged the assignment of the deed of trust is void:  (1) because it relied on a void deed of trust, (2) because the individual executing it was not a duly authorized officer of MERS, (3) because the assignment assigns only the deed of trust and not the note it secures, (4) because US Bank could not have tendered valuable consideration to LoanCity for the assignment since the trust to which US Bank was acting as trustee was closed to new assets, and (5) because LoanCity had closed its doors for business before the deed of trust was assigned to US Bank, thus MERS could not have been acting on its behalf.  Plaintiff alleged the notice of default is void because the underlying deed of trust is void and because plaintiff was not in default in the amounts alleged.  Plaintiff alleged the substitution of trustee is void because the deed of trust is void and because the substitution of trustee was executed by Wells Fargo, who was not the beneficiary of the deed of trust.  Plaintiff alleged the proper trustee remains Sterling Title Company, since NDEx West was never the authorized trustee under the deed of trust.  Plaintiff alleged the notice of sale is void because it was not recorded by a duly authorized trustee under the deed of trust.  Plaintiff alleged the trust deed upon sale is void because the party conducting the sale was not authorized to exercise the power of sale, and because US Bank acquired nothing by the trust deed upon sale.

Plaintiff's second cause of action was for wrongful foreclosure.  This claim is based on the allegations that NDEx West was not the proper trustee under the deed of trust and was not entitled to exercise the power of sale, that US Bank was not a

4

beneficiary entitled to make a credit bid, and that because US Bank was never assigned the note, it was not a lender entitled to invoke the power of sale or make a credit bid.

Plaintiff's third cause of action was in quasi-contract. Plaintiff alleged that Wells Fargo, LoanCity, and US Bank collected and retained his mortgage payments, even though US Bank had not acquired an interest in plaintiff's note, thus neither Wells Fargo nor LoanCity had an interest in the obligation. Plaintiff further alleged that NDEx West, MERS, and US Bank were unjustly enriched by the trustee's sale of the property, and Wells Fargo and US Bank were unjustly enriched by the proceeds of the third party sale of the property.

Plaintiff's fourth cause of action was for an accounting. He alleged the defendants had a fiduciary duty to him as a lender, servicer for the lender, and subsequent beneficiary.

Plaintiff's fifth cause of action was for slander of title. He alleged the defendants were not entitled to participate in the nonjudicial foreclosure of the property, and that as a result of their actions, his title to the property has been clouded and his reputation and business has been harmed.

Plaintiff's sixth and final cause of action was for unfair business practices pursuant to Business and Professions Code section 17200 et seq. Plaintiff alleged: (1) NDEx West violated Civil Code section 2924 when it caused the recordation of the notice of default, notice of sale, and trustee's deed upon sale; (2) US Bank violated Civil Code section 2924h (relating to bidding at a trustee's sale); (3) LoanCity, MERS, Wells Fargo, NDEx West, and US Bank knowingly caused a false assignment to be recorded; and (4) LoanCity caused the deed of trust to be recorded when it knew it was not the lender, but a mere broker collecting fees.

Defendants demurred to the first amended complaint. The trial court sustained the demurrer without leave to amend on the grounds the complaint did not state facts sufficient to constitute a cause of action and was uncertain.

5

Plaintiff filed a motion for reconsideration with leave to amend. With the motion he filed a proposed amended complaint. The amended complaint added causes of action for tortious interference with contract, fraud and deceit, and unjust enrichment. It removed the cause of action for quasi-contract.

## DISCUSSION

### I

### *Standard of Review*

Our review of a demurrer is de novo, but it is limited to issues that have been adequately raised and supported in the plaintiff's brief. (*Davies v. Sallie Mae, Inc.* (2008) 168 Cal.App.4th 1086, 1096.) Our review of the refusal to allow amendment is for abuse of discretion. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 986.) That review is also limited to issues adequately raised and supported in the briefing. We deem issues not raised in appellant's brief waived or abandoned. (*Davies,* at p. 1096.) An appellate court "will not develop the appellants' arguments for them . . . ." (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)

### II

### *No Cognizable Argument That Trial Court Erred in Denying Leave to Amend*

Plaintiff's brief is confined to arguing that the trial court erred in denying him an opportunity to amend the complaint. He makes no argument that the trial court erred when it sustained the demurrer. We therefore deem such argument abandoned. (*Davies v. Sallie Mae, Inc.*, *supra*, 168 Cal.App.4th at p. 1096.)

In determining whether the trial court erred in denying leave to amend we must decide "whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Ibid.*)

6

For the plaintiff to meet his burden on appeal of showing there is a reasonable possibility that the defect can be cured by amendment, he must demonstrate the manner in which he can amend his complaint and show how the amendment will change the legal effect of his pleading. (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 579.) "The assertion of an abstract right to amend does not satisfy this burden. [Citation.] Plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary. [Citation.] [¶] The burden of showing that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff; neither the trial court nor this court will rewrite a complaint. [Citation.] Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

Plaintiff's argument is that since the trial court sustained the demurrer on the grounds the complaint lacked facts sufficient to constitute a cause of action and was uncertain, an amendment could cure the deficiency. Plaintiff's brief contains statements throughout of the manner in which he proposes to amend his complaint, but the brief makes no effort to describe the elements of his causes of action or explain how his proposed amendments would satisfy all of the elements of the causes of action.

The brief argues the complaint can be amended to add the following: (1) "that the loan was table funded as part of a scheme to securitize the debt"; (2) "that Loancity's business model did not include retaining the loans it allegedly originated for servicing [but] it immediately sold the loans to other 3rd parties for securitization"; (3) that "the

[Credit Suisse] Trust had been reporting on the loan several years before Wells Fargo and Lender Processing Services created the 'Assignment of Deed of Trust' though in fact, the [Credit Suisse] Trust did not actually own the debt or any of the contracts"; (4) "potential hypothecation fraud (using Lemke's financial information for another loan that was reported paid in full.)"; and (5) that Wells Fargo had an "adverse interest to modifying Lemke's loan with a modification and/or forbearance agreement because of Wells Fargo's own alleged contractual obligations on the debt."

While these statements indicate the manner in which plaintiff intends to amend his complaint, they are not factual, specific allegations, but are vague and conclusionary. Moreover, plaintiff has completely failed to set forth the elements of his causes of action and demonstrate in what manner these facts will cure the defects of the existing complaint. It is not this court's function to serve as the appellant's counsel. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) Plaintiff's failure to properly develop his argument by setting forth the elements of his causes of action and demonstrating in what manner his new allegations cure the defects in his pleadings is fatal to his claim.

III

*Order Expunging Lis Pendens Is Not Appealable*

Plaintiff argues the trial court erred in expunging the lis pendens. " '[A]n order granting or denying a motion to expunge a lis pendens is not an appealable order.' [Citation.]" (*Sixells, LLC v. Cannery Business Park* (2008) 170 Cal.App.4th 648, 652, fn. 3.) "A petition for writ of mandate is the exclusive means of obtaining review of an order granting or denying a motion to expunge a lis pendens." (*Rey Sanchez Investments v. Superior Court* (2016) 244 Cal.App.4th 259, 262.)

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____/s/_____

BLEASE, Acting P. J.

We concur:

_____/s/_____

MAURO, J.

_____/s/_____

RENNER, J.

9